IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| FRANCIS SANTIAGO, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-4048 |
| | : | |
| v. | : | |
| | : | |
| GMAC MORTGAGE GROUP, INC., | : | |
| GMAC RESIDENTIAL HOLDING | : | |
| CORP., and GMAC MORTGAGE | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

**SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF THE MOTION
OF DEFENDANTS GMAC MORTGAGE GROUP, INC., GMAC
RESIDENTIAL HOLDING CORP., AND GMAC MORTGAGE
CORPORATION TO DISMISS PLAINTIFF'S COMPLAINT**

Robert A. Nicholas
Leonard A. Bernstein
Kevin M. Toth
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100

Attorneys for Defendants GMAC Mortgage
Group, Inc., GMAC Residential Holding
Corp., and GMAC Mortgage Corporation

Dated:  December 31, 2002

Defendants GMAC Mortgage Group, Inc., GMAC Residential Holding Corp., and GMAC Mortgage Corporation (collectively "Defendants") respectfully submit this supplemental brief to bring to the Court's attention a recent decision by the United States Court of Appeals for the Seventh Circuit which bears directly on the dispositive legal issues raised in Defendants' pending Motion to Dismiss.

I.    **INTRODUCTION**

> *"There is not enough play in the statutory joints to allow HUD to impose its own 'interpretation' under the aegis of Chevron."*

-- Honorable Richard Posner (December 26, 2002).

The United States Court of Appeals for the Seventh Circuit has long been the principal contributor to RESPA section 8(b) jurisprudence. On December 26, 2002, the Seventh Circuit issued its latest contribution to that jurisprudence in its opinion in Krzalic v. Republic Title Co., __ F.3d __, No. 02-2285, 2002 WL 31873609 (7th Cir. Dec. 26, 2002) (Posner, J.).[1] In its opinion, the Court thoroughly addresses -- and dismantles -- the identical arguments Plaintiff raises in this case. Significantly, the Court:

- upholds its consistent interpretation that section 8(b) of RESPA applies only to alleged overcharges that are shared or split with a third party, not to markups retained by the party collecting the charge;

- declines to afford Chevron deference to the portion of the HUD Policy Statement that addresses unearned fees, finding that the plain language of section 8(b) does not support HUD's position; and

- rejects the plaintiff's efforts to bootstrap yield-spread premium decisions under section 8(a) to cases involving unearned fees under section 8(b).

---

[1] A copy of the Seventh Circuit's opinion in Krzalic is attached as Exhibit "A."

For these reasons, and those set forth in Defendants' prior submissions, Plaintiff's claim under section 8(b) of RESPA – his only federal claim – is legally insufficient and should be dismissed with prejudice.

## II.    THE *KRZALIC* DECISION

The facts of Krzalic are virtually identical to the allegations of Plaintiff's Complaint in this case.  Both cases involve allegations that one settlement service provider marked up the amount of the fee charged by another settlement service provider, collected the "inflated" price from the borrower, paid the third party provider for its services, and pocketed the difference.  In Krzalic, the plaintiffs brought a putative class action suit against Republic Title Company, the closing agent in their purchase of a home.  Krzalic, 2002 WL 31873609 at * 1. Plaintiffs alleged that the title company violated section 8(b) of RESPA by charging them $50 for recording their mortgage, when the county recorder actually charged only $36 for this service.  Id. at * 1.  Plaintiffs asserted that the title company retained the $14 markup and thus received "a portion of a charge other than for a service actually performed," in violation of section 8(b).  Id. at * 1.  Like Plaintiff in this case, the borrowers in Krzalic urged the Court to afford Chevron deference to HUD's 2001 Policy Statement, which purports to expand the scope of section 8(b) of RESPA to prohibit all charges deemed "unreasonable."

The District Court dismissed the plaintiffs' RESPA claim, finding that no deference was due because the language of section 8(b) plainly requires that the overcharge itself be shared or split with a third party.[2]  The Seventh Circuit affirmed the District Court's decision on all grounds.  Writing for the majority, Judge Posner held that the HUD Policy Statement was not entitled to Chevron deference because "**RESPA will not bear, as a matter of**

---

[2] A copy of the District Court's opinion in Krzalic is attached as Exhibit "B."

**straightforward judicial interpretation . . . the interpretation HUD wants to give it.**"  Id. at

* 3 (emphasis added).

The Court made clear that section 8(b) of RESPA does not regulate the amounts

of settlement services, and does not apply to situations where a settlement service provider marks

up a third party settlement charge, unless the markup itself is split or shared with the third party

in the traditional sense of a "kickback."  As the Court stated:

> The statutory language describes a situation in which *A* charges *B*
> (the borrower) a fee of some sort, collects it, and then either splits
> it with *C* or gives *C* a portion or percentage (other than 50 percent
> – the situation that the statutory term "split" most naturally
> describes) of it . . . .

Id. at * 3.

Because Plaintiff claimed only that *A* (the collector of the charge) collected more

from *B* (the borrower) than A later turned over to *C* (the county recorder) for the settlement

service, *C* was simply paid for its service and no portion of the markup was shared with *C* within

the plain meaning of section 8(b).  Id. at * 3.  *A* simply retained the alleged markup for itself.  Id.

at * 3.

The Court also concluded that section 8(b) requires both the giving and the

accepting of an unearned fee, thereby rejecting Plaintiff's argument in this case that "and" really

means "or."[3]  The Court echoed the concern expressed by the Fourth Circuit in Boulware that,

because the statute requires one person to give and one person to accept an unearned fee,

---

[3] In his opposition to Defendants' Motion, Plaintiff argues that the section 8(b)
prohibition "no person shall give **and** no person shall accept" should be read to prohibit the
giving **or** the accepting of an unearned fee, but does not require the presence of both a giver and
an acceptor of an unearned fee.  See Plaintiff's Brief at 31-32.  This is precisely the position the
Seventh Circuit rejected in Krzalic.  Moreover, as noted in Defendants' reply, it is difficult to
envision a scenario in which one person can accept something without another person to give it.
Plaintiff simply reads the "give" requirement out of the statute altogether.

imposing RESPA liability for unilateral overcharges "accepted" by the lender or settlement

service provider would make the borrower that paid the fee the prohibited "giver":

> Recall, too, that the statute forbids the giving as well as the receiving of the portion, split, or percentage. On the plaintiffs' understanding, they themselves violated the statute because they gave Republic a portion of the fee charged by the county recorder!

Id. at * 3; see also Boulware v. Crossland Mortgage Corp., 291 F.3d 261, 265 (4th Cir. 2002)

(concluding that imposing RESPA section 8(b) liability in a single upcharge scenario would

make borrowers the "givers" of unearned fees, thereby subjecting them to the full array of

RESPA's civil and criminal penalties).

　　　　In its decision, the Seventh Circuit was equally critical of the plaintiffs' effort to

transform RESPA into a broad price-setting statute. The Court noted that the plaintiffs'

construction of section 8(b) "would make sense if RESPA were a public-utility or other rate-

regulating statute, **but it is not**. The statute places no ceiling on the amount that a closing agent

can charge for its services." Id. at 4 (emphasis added); see also id. at * 5 (stating that RESPA "**is

not a price-control statute**") (emphasis added).

　　　　Of equal importance, the Court rejected the borrowers' efforts to bootstrap – in

the same way Plaintiff attempts here -- decisions involving judicial deference to the part of the

HUD Policy Statement that addresses yield-spread premiums under a different provision of

RESPA, section 8(a). The Court had little difficulty distinguishing these section 8(a) authorities

as irrelevant to the issues presented by the distinct language and structure of section 8(b). See

id. at * 6 ("It is no surprise that Heimmerman, Schuetz, and Glover, the three decisions we cited

earlier that defer to HUD interpretations, all dealt with a part of the 2000-1 statement that

concerns yield-spread premiums.").[4]  Moreover, the Court observed that the portion of the HUD

Policy Statement addressing yield-spread premiums under section 8(a) had received some level

of deference because **that part** of the Policy Statement was the product of a prior HUD Policy

Statement on that issue and meetings with government representatives and a broad range of

consumer groups."  Id. at * 6.[5]

As the Court acknowledged, the same cannot be said of the portion of the Policy

Statement that addresses unearned fees.  The Court correctly observed that "[o]ne fine day the

policy statement simply appeared in the Federal Register.  No public process preceded it – or at

least the part of it that concerns section 8(b), for the policy statement deals with other matters as

well."  Id. at * 5.  The Court also questioned the circular logic of the portion of the HUD Policy

Statement that addresses unearned fees.  The Court correctly noted that HUD's discussion of

unearned fees is "perfunctory" and "expresses disagreement with our decision in Echevarria but

gives no reason except that HUD has always regarded such fees as forbidden by the statute . . . ."

Id. at * 6.

In the end, the Court held that no amount of Chevron deference could save the

HUD Policy Statement with respect to unearned fees because it is inconsistent with the plain

language of the statute.  The Court concluded – in language equally applicable here -- that

"[t]here is not enough play in the statutory joints to allow HUD to impose its own

"interpretation" under the aegis of Chevron."  Id. at * 5.

---

[4] Plaintiff relies heavily on these yield-spread premium decisions, particularly
Heimmerman.  However, Plaintiff cites no decision in which a court deferred to the separate
portion of the HUD Policy Statement that addresses unearned fees and section 8(b).

[5] For a more complete discussion of the inapplicability of yield-spread premium cases
under section 8(a) to the issue of unearned fees under section 8(b), see Defendants' Reply at 7-
10.

## III.    <u>CONCLUSION</u>

The Seventh Circuit has consistently upheld the interpretation of section 8(b) of RESPA that it adopted in <u>Mercado</u>, repeated in <u>Durr</u>, reaffirmed in <u>Echevarria</u>, and confirmed again <u>Krzalic</u>.  Section 8(b) only applies where the overcharge itself is shared or split with a third party.  It does not apply to allegations of single upcharges retained by the lender.  Plaintiff concedes that his RESPA claim is based solely on allegations of unilateral upcharging, and that he makes no allegation that the alleged markup was shared, split with, or kicked back to any third party.  Accordingly, Plaintiff's RESPA claim should be dismissed with prejudice.

Respectfully submitted,

_____
Robert A. Nicholas
Leonard A. Bernstein
Kevin M. Toth
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100
(215) 851-1420 telecopier

Attorneys for Defendants
GMAC Mortgage Group, Inc., GMAC Residential Holding Corp., and GMAC Mortgage Corporation.

Dated:  December 31, 2002

## CERTIFICATE OF SERVICE

I certify that I caused to be served on this date a true and correct copy of the

foregoing Supplemental Brief of Defendants GMAC Mortgage Group, Inc., GMAC Residential

Holding Corp., and GMAC Mortgage Corporation in Further Support of their Motion to Dismiss

Plaintiff's Complaint, and the exhibits thereto, upon the following counsel in the manner noted

below:

Leonard A. Barrack, Esquire
Daniel E. Bacine, Esquire
Jeffrey W. Golan, Esquire
Barrack, Rodos & Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
***(VIA HAND DELIVERY)***

Michael C. Spencer, Esquire
Susan M. Greenwood, Esquire
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119
***(VIA OVERNIGHT MAIL)***

Kevin M. Toth

Dated:  December 31, 2002