<u>IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | |
|---|---|
| FRANCIS SANTIAGO, <br> ON BEHALF OF HIMSELF AND ALL <br> OTHERS SIMILARLY SITUATED, <br><br> Plaintiff <br><br> v. <br><br> GMAC MORTGAGE GROUP, INC., <br><br> GMAC RESIDENTIAL HOLDING <br> CORP., and <br><br> GMAC MORTGAGE CORPORATION <br><br> Defendants | Civil Action <br> No. 02-CV-04048 |

<u>ORDER</u>

NOW, this 31st day of August, 2005, upon consideration of the Opinion of the United States Court of Appeals for the Third Circuit filed in this matter on August 4, 2005 which affirmed in part,[1] and reversed and remanded in part,[2] the Order and accompanying

---

[1]   The Opinion of the Court of Appeals in <u>Santiago v. GMAC Mortgage Group, Inc.</u>, No. 03-4273, 2005 U.S. App. LEXIS 16078 (3d Cir. August 4, 2005) affirmed the decision of the undersigned to dismiss the claim of plaintiff Francis Santiago for overcharges charged by defendants for settlement services rendered in connection with a mortgage loan subject to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617.

[2]   The Opinion of the Court of Appeals reversed the decision of the undersigned dismissing plaintiff Santiago's cause of action for markups and remanded for further proceedings.

In that regard the Third Circuit stated:

> Our conclusion that Section 8(b) [of RESPA] allows a cause of action for unearned markups does not fully resolve the issue of whether the markups imposed by GMAC violated the law. GMAC may argue that it provided services ancillary to those provided by the third party vendor and that these services justify the additional charge. This argument might raise the

(<u>Footnote 2 continued</u>):

Opinion of the undersigned dated and filed September 30, 2003,

  IT IS ORDERED that on or before September 20, 2005 the parties shall each submit to the undersigned, and serve upon each other, a memorandum of law addressing the procedural issues raised by the remand.[3]

  IT IS FURTHER ORDERED that a status conference with counsel and the undersigned to discuss the procedural aspects of the remand shall be held by telephone conference call on October 12, 2005, at 3:00 o'clock p.m.

  IT IS FURTHER ORDERED that lead trial counsel for

---

(Continuation of footnote 2):

> issues of whether such ancillary services were nominal, whether the amount of any markup had to be reasonable in light of the additional services provided, or whether these extra services were already included in some other settlement service charge paid by the borrower. Regulation X at 24 CFR § 3500.14(c) specifically bars charges for "nominal services" and states that "duplicative fees" are unearned fees which violate the law. The parties have not fully briefed these issues, and the state of the record is inadequate for us to resolve them. These issues will have to be decided by the District Court on remand.

[3] The memorandum of law shall address all procedural issues raised by the remand, including, but not limited to, whether defendants (collectively "GMAC") intend to argue that they provided service ancillary to those provided by the third party vendor and that these services justify the additional charge, whether such ancillary services were nominal, whether the amount of any markup was reasonable in light of the additional services provided, whether it had to be, and whether these extra services were already included in some other settlement charge paid by the borrower.  The memoranda shall also address whether the issues identified by the United States Court of Appeals for the Third Circuit can be addressed in the context of defendants' Rule 12(b)(6) motion to dismiss (for which the record is ordinarily limited to the allegations contained within the four corners of the Complaint) or whether defendants' 12(b)(6) motion should be converted to a motion for summary judgment; whether a record needs to be developed on these issues through depositions, affidavits, exhibits and stipulations; whether a hearing needs to be held; whether GMAC needs to raise these concerns in an answer to plaintiff's Complaint or some other responsive pleading; and so forth.

plaintiff[4] shall initiate the telephone conference call with lead trial counsel for all other parties and with all unrepresented parties.  Counsel for plaintiff shall initiate the call five minutes in advance of the scheduled conference, and when all counsel and unrepresented parties are on the line, shall call chambers at (610) 434-3457.

IT IS FURTHER ORDERED that the lead trial counsel of record for each party, and each unrepresented party, shall participate in the conference.  No substitutions will be permitted unless authorized by the undersigned at least 48 hours prior to the conference.

IT IS FURTHER ORDERED that continuances will be granted only in extraordinary circumstances.  Continuance requests shall be signed by one counsel of record for each represented party and by each unrepresented party.  Continuance requests shall be submitted at least ten days prior to the conference on a form approved by the undersigned.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

[4] If there are multiple plaintiffs represented by different counsel, counsel for plaintiffs shall determine which plaintiff's counsel shall initiate the call.  If there are both represented and unrepresented plaintiffs, the call shall be initiated by counsel for one of the represented plaintiffs.  If the only plaintiff, or each of multiple plaintiffs, is unrepresented, the call shall be initiated by an unrepresented plaintiff.