IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| FRANCIS SANTIAGO, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-4048 |
| | : | |
| v. | : | |
| | : | |
| GMAC MORTGAGE GROUP, INC., | : | |
| GMAC RESIDENTIAL HOLDING | : | |
| CORP., and GMAC MORTGAGE | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS
GMAC MORTGAGE GROUP, INC., GMAC RESIDENTIAL
HOLDING CORP. AND GMAC MORTGAGE CORPORATION**

Defendants GMAC Mortgage Group, Inc., GMAC Residential Holding Corp., and GMAC Mortgage Corporation (collectively, "Defendants"), by their undersigned attorneys, hereby file their Answer and Affirmative Defenses to the Complaint of Francis Santiago ("Plaintiff") as follows:

**Nature of the Action**

1. Admitted in part; denied in part. It is admitted that Plaintiff purports to bring this lawsuit on behalf of himself and a proposed nationwide class of residential borrowers, and that the services at issue in this complaint are identified as a tax service fee, a flood certification fee and an underwriting fee. It is denied that Plaintiff has any valid basis for bringing this action, either on his own behalf or on behalf of any proposed class. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety.

2.  Denied. The allegations of this paragraph are based on RESPA and related federal regulations and pronouncements which are in writing and speak for themselves, and therefore, any attempt by Plaintiff to summarize, paraphrase, or characterize their contents is denied.

3.  Denied. It is denied that Defendants violated RESPA Section 8(b), 12 U.S.C. § 2607(b). The remaining allegations of this paragraph are based on a federal statute which is in writing and speaks for itself, and therefore, any attempt by Plaintiff to summarize, paraphrase, or characterize its contents is denied.

4.  Denied. It is denied that Defendants have a practice of requiring borrowers to pay unearned fees. As to the remaining allegations of this paragraph, they are based on purported statements attributable to a quasi-governmental entity which are in writing and speak for themselves, and therefore, any attempt by Plaintiff to summarize, paraphrase, or characterize their contents is denied.

5.  Denied. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Fannie Mae and Freddie Mac set forth in this paragraph, and therefore, such allegations are denied. It is denied that Defendants charge unearned fees, or that Defendants have violated RESPA in any way. As to the remaining allegations of this paragraph, they are based on purported statements attributable to a quasi-governmental entity which are in writing and speak for themselves, and therefore, any attempt by Plaintiff to summarize, paraphrase, or characterize their contents is denied.

6.  Denied.

7. Admitted in part; denied in part. It is admitted only that Plaintiff purports to bring this proceeding as a class action against Defendants for alleged violations of RESPA and state law; it is denied that Defendants have committed any violations, and it is denied that Plaintiff has any valid claim for relief against Defendants.

### Jurisdiction and Venue

8. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety.

9. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety.

10. Admitted in part; denied in part. It is admitted only that GMAC Mortgage Corporation's corporate headquarters are located within this District. The remaining allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

### Parties to the Action

11. Denied. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's present status as set forth in this paragraph, and therefore, such allegations are denied. The remaining allegations are denied.

12. Admitted in part; denied in part. It is admitted that GMAC Mortgage Corporation is headquartered in Horsham, Pennsylvania, and that GMAC Mortgage Corporation has in the past

originated, purchased, financed and serviced residential mortgage loans.  It is denied that GMAC Residential Holding Corp. and GMAC Mortgage Group, Inc. are headquartered in Horsham, Pennsylvania or that they in the past originated, purchased, financed and serviced residential mortgage loans.  Defendants lack knowledge or information sufficient to a belief as to the truth of the allegations concerning various unnamed and unidentified "subsidiaries and affiliates," and therefore, must deny these allegations.  The remaining allegations are denied.

13.     Denied.   The allegations that Defendants form a "single business enterprise" is a conclusion of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety.  To the extent these allegations may be deemed factual, they are denied.  Aside from "GMAC" being included in the corporate name of each Defendant, it is denied that Defendants share the name GMAC or that Defendants share office space in Horsham PA.  The remaining allegations are denied.

14.     Denied.  The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety.  To the extent these allegations may be deemed factual, they are denied.

15.     Denied.  The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety.  To the extent these allegations may be deemed factual, they are denied.

16.     Denied.  The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety.  To the extent these allegations may be deemed factual, they are denied.

17. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

18. Denied. Plaintiff's allegations that Defendants "set themselves out" as a "national leader" are vague and ambiguous and, on that basis, are denied. The remaining allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

19. Denied. Plaintiff's allegations concerning undefined "strengths" and a "long-term mortgage business strategy" are vague and ambiguous, and, on that basis, are denied.

20. Denied. Plaintiff's allegations that Defendants "further each other" are vague and ambiguous, and, on that basis, are denied. By way of further response, Defendants state that they strive to maintain internal operations that generate an image that is favorable to the public.

21. Denied.

22. Denied.

23. Denied.

24. Denied. Plaintiff's allegations concerning GMAC/MGI's "management role" being "grounded in" its operational expertise and strategy are vague and ambiguous, and, on that basis, are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied. Plaintiff's allegations that GMAC/MGI "files" certain documents are vague and ambiguous, and, on that basis are denied.

## Applicable Federal Statutory Law

31. Denied. The allegations of this paragraph are based on a federal statute which is in writing and speaks for itself, and therefore, any attempt by Plaintiff to summarize, paraphrase, or characterize its contents is denied.

32. Denied. The allegations of this paragraph are based on a federal statute which is in writing and speaks for itself, and therefore, any attempt by Plaintiff to summarize, paraphrase, or characterize its contents is denied.

33. Denied. The allegations of this paragraph are based on a federal statute which is in writing and speaks for itself, and therefore, any attempt by Plaintiff to summarize, paraphrase, or characterize its contents is denied.

34. Denied. The allegations of this paragraph are based on a federal regulation which is in writing and speaks for itself, and therefore, any attempt by Plaintiff to summarize, paraphrase, or characterize its contents is denied.

35. Denied. The allegations of this paragraph are based on a federal regulation which is in writing and speaks for itself, and therefore, any attempt by Plaintiff to summarize, paraphrase, or characterize its contents is denied.

36. Denied. The allegations of this paragraph are based on a statement by HUD, a governmental agency, which is in writing and speaks for itself, and therefore, any attempt by Plaintiff to summarize, paraphrase, or characterize its contents is denied.

37. Denied. The allegations of this paragraph are primarily based on a federal regulation which is in writing and speaks for itself, and therefore, any attempt by Plaintiff to summarize, paraphrase, or characterize its contents is denied. The remaining allegations are denied.

Defendants' Violations

38. Denied.

39. Admitted in part; denied in part. It is admitted that most mortgage loans made by GMAC Mortgage Corporation require borrowers to pay a tax service and flood certification fee at closing, and that third-party vendors charge fees to perform these services. The remaining allegations are denied.

    a. Admitted in part; denied in part. It is admitted that most mortgage loans include a tax service fee charged to the borrower at closing, and that third-party vendors charge fees to perform these services. The remaining allegations are denied.

    b. Admitted in part; denied in part. It is admitted that third party vendors provide flood certifications that show whether subject properties are in a flood zone, and that vendors charge a flat fee for a flood certification. The remaining allegations are denied.

40. Denied. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Fannie Mae and Freddie Mac set forth in this paragraph, and therefore, such allegations are denied.

41. Admitted in part; denied in part. It is admitted that before the use of automated software, underwriting a loan required an underwriter to manually review loan documents. The remaining allegations involve the purported expense and time necessary to generally underwrite loans, which are not specifically identified or defined, prior to 1995 and in the present. Thus, after

reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore, such allegations are denied.

42. Denied. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Fannie Mae and Freddie Mac set forth in this paragraph, and therefore, such allegations are denied.

43. Denied. The remaining allegations of this paragraph are based on a federal agency statement which is in writing and speaks for itself, and therefore, any attempt by Plaintiff to summarize, paraphrase, or characterize its contents is denied.

44. Admitted in part; denied in part. It is admitted only that GMAC Mortgage Corporation uses the Fannie Mae underwriting software. The remaining allegations are denied.

45. Admitted in part; denied in part. It is admitted only that GMAC Mortgage Corporation uses the Fannie Mae underwriting software. The remaining allegations are denied.

46. Denied.

47. Denied.

48. Denied.

### Facts Relating to Plaintiff

49. Denied. It is denied that Defendants charged unearned fees to Plaintiff. The remaining allegations of this paragraph are based on a document which is in writing and speaks for itself, and therefore, any attempt by Plaintiff to summarize, paraphrase, or characterize its contents is denied.

8

**Class Action Allegations**

50. Admitted in part; denied in part. It is admitted that Plaintiff brings this suit on behalf of himself and a purported class, and that the purported class definition is set forth in this paragraph. It is denied that Plaintiff has any valid basis for bringing this action, either on his own behalf or on behalf of any purported class.

51. Denied. The allegations set forth in this paragraph, including subparagraphs (a) through (d) are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

52. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

53. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

54. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

55. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

**Accrual, Fraudulent Concealment,
Continuing Violation, and Equitable Tolling**

56. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

57. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

58. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

59. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

60. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

61. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

62. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

63. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

64. Denied. The allegations set forth in this paragraph are conclusions of law to which no responsive pleading is required and, therefore, the allegations are denied in their entirety. To the extent these allegations may be deemed factual, they are denied.

## COUNT ONE
### Violation of RESPA

65. Defendants repeat and reassert their responses to paragraphs 1 through 64 as if set forth at length herein.

66. Denied.

67. Denied.

**WHEREFORE**, Defendants GMAC Mortgage Group, Inc., GMAC Residential Holding Corp., and GMAC Mortgage Corporation respectfully request that the Court enter judgment in their favor and against Plaintiff, that the Court dismiss the Complaint in its entirety with prejudice, that the Court award Defendants their reasonable attorneys' fees and costs, and that the Court grant such other and further relief as it deems appropriate.

## COUNT TWO
### Unjust Enrichment

68. Defendants repeat and reassert their responses to paragraphs 1 through 67 as if set forth at length herein.

69. Denied.

70. Denied.

**WHEREFORE**, Defendants GMAC Mortgage Group, Inc., GMAC Residential Holding Corp., and GMAC Mortgage Corporation respectfully request that the Court enter judgment in their favor and against Plaintiff, that the Court dismiss the Complaint in its entirety with prejudice, that the Court award Defendants their reasonable attorneys' fees and costs, and that the Court grant such other and further relief as it deems appropriate.

## COUNT THREE
### Money Had and Received

71. Defendants repeat and reassert their responses to paragraphs 1 through 70 as if set forth at length herein.

72. Denied.

73. Denied.

**WHEREFORE**, Defendants GMAC Mortgage Group, Inc., GMAC Residential Holding Corp., and GMAC Mortgage Corporation respectfully request that the Court enter judgment in their favor and against Plaintiff, that the Court dismiss the Complaint in its entirety with prejudice, that the Court award Defendants their reasonable attorneys' fees and costs, and that the Court grant such other and further relief as it deems appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the applicable statutes of repose, statutes of limitation and/or by the applicable bar date for filing such lawsuit.

2. Plaintiff has failed to state a claim against Defendants upon which relief can be granted.

3. The Court lacks subject matter jurisdiction over this proceeding as the allegations of the Complaint are insufficient to establish a violation of any federal law or statute.

4. Plaintiff's claims are barred, in whole or in part, by reason of the doctrines of laches, waiver, estoppel, novation, rescission and/or accord and satisfaction.

5. Defendants at all times acted fairly and in good faith in dealing with Plaintiffs.

6. Defendants are not liable to Plaintiffs under any contractual or quasi-contractual legal theories.

7. Plaintiffs are not entitled to statutory, treble, punitive damages or counsel fees in this action pursuant to any rule, statute or other substantive law.

8. Defendants did not charge any unearned fee to Plaintiff and did not markup any fee as alleged by Plaintiff. Defendants did not charge any fee to which it was not entitled under the law.

9. To the extent any fee paid by Plaintiff covering a settlement service provided by a third party vendor exceeded such vendor's charge to Defendants for such service, the amount by which the fee paid by Plaintiff exceeded the charge to Defendants constitutes compensation to Defendants that is reasonably related to the value of additional services actually performed by Defendants.

10. To the extent any fee paid by Plaintiff covering a settlement service provided by a third party vendor exceeded such vendor's charge to Defendants for such service, the amount by which the fee paid by Plaintiff exceeded the charge to Defendants constitutes compensation to Defendants for additional and compensable services actually performed by Defendants.

11. Plaintiff fails to allege sufficient facts necessary to set forth a cause of action that Defendants violated RESPA Section 8(b).

12. RESPA does not apply to Plaintiff's loan.

13. Plaintiff fails to allege sufficient facts necessary to justify an award of punitive or treble damages under RESPA Section 8(b).

14. Plaintiff's RESPA claim is subject to the one-year statute of limitations for bringing a Section 8 claim.

15. Defendants are separate and distinct legal entities. Defendants are not a single business unit and do not hold themselves out as a single business unit as alleged by Plaintiff.

16. Pursuant to the Opinion of the United States Court of Appeals, filed on August 4, 2005, in this matter, Plaintiff cannot proceed against Defendants on those claims that were dismissed by the District Court, and affirmed by the Third Circuit Court of Appeals.

17. Plaintiff's causes of action premised upon claims that Defendants have overcharged for a funding fee have been dismissed.

18. Plaintiff fails to allege sufficient facts necessary to set forth a cause of action for unjust enrichment.

19. There is no cognizable cause of action for money had and received. Defendants have failed to plead any basis for the return of money in this case, and Plaintiff fails to allege sufficient facts necessary to set forth a claim for money had and received.

20. Plaintiff has failed to plead any facts to establish that Defendants engaged in fraud, or exercised undue influence, or made threats, or engaged in conduct designed to place Plaintiff in duress.

21. Defendants did not charge Plaintiffs any fee to which it was not entitled under federal or state law.

22. Defendants did not breach any legal, contractual, common law or statutory duty owed to Plaintiffs.

23. Any alleged damages which Plaintiff contends he has suffered is the result of Plaintiff's own breach of contract, inaction, failure to perform, misconduct, mismanagement and unreasonableness.

24. Plaintiff's claims are limited by law and/or regulation to amounts paid thereunder.

25. Plaintiff's claims are barred or limited by the economic loss doctrine.

26. At all times relevant, Defendants complied with all applicable laws, regulations and standards.

27. Plaintiff cannot meet the requirements of Federal Rule of Civil Procedure 23 and this action should not be certified as a class action.

28. Named Plaintiff is an inadequate class representative in that he has raised individual non-class claims.

29. Plaintiff's claims and/or those of putative class members may be subject to binding arbitration.

30. The statute of limitations for Plaintiff's state law claims vary from state to state making this case unsuitable for class treatment.

31. Plaintiff's state law claims are preempted by federal law.

32. Defendants reserve the right to amend their answer and/or assert additional defenses and/or supplement, alter and/or change its answer upon revelation of more definite facts as discovery progresses.

"s"/Louis W. Schack
Robert A. Nicholas, Esquire
Louis W. Schack, Esquire
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100

Attorneys for Defendants
GMAC Mortgage Group, Inc.,
GMAC Residential Holding Corp.,
and GMAC Mortgage Corporation

**CERTIFICATE OF SERVICE**

I, Louis W. Schack, Esquire, certify that I caused to be served a true and correct copy of the foregoing Answer of Defendants GMAC Mortgage Group, Inc., GMAC Residential Holding Corp., and GMAC Mortgage Corporation to Plaintiff's Complaint this 31st day of January, 2006, upon the following counsel in the manner noted below:

>Leonard A. Barrack, Esquire
>Daniel E. Bacine, Esquire
>Jeffrey W. Golan, Esquire
>BARRACK, RODOS & BACINE
>3300 Two Commerce Square
>2001 Market Street
>Philadelphia, PA 19103
>(via UPS overnight mail)
>
>Michael C. Spencer, Esquire
>Susan M. Greenwood, Esquire
>MILBERG WEISS BERSHAD HYNES & LERACH LLP
>One Pennsylvania Plaza
>New York, NY 10119
>(via UPS overnight mail)

>"s"/Louis W. Schack
>Louis W. Schack