# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| FRANCIS SANTIAGO, | : | |
| Plaintiff, | : | Civil Action No. 02-4048 |
| vi. | : | |
| GMAC MORTGAGE GROUP, INC., GMAC RESIDENTIAL HOLDING CORP., and GMAC MORTGAGE CORPORATION, | : | |
| Defendants. | : | |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon

agreement of Defendants GMAC Mortgage Group, Inc., GMAC Residential Holding Corp., and

GMAC Mortgage Corporation (collectively, "Defendants"), and Plaintiff, Francis Santiago, it is

hereby ordered that:

1.    When used in this Order, the word "document" means all written, recorded, or electronically stored material of any kind, and copies thereof (whether identical or unidentical) including, but not limited to, interrogatory answers, production responses, requests to admit and responses thereto, documents, as defined in the Federal Rules of Civil Procedure or in the discovery requests in this action, or physical items produced by any party or non-party in this action whether pursuant to subpoena, court order, discovery requests, or by agreement, deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

2.    A producing party may, as provided herein and subject to the terms and conditions herein, designate as confidential any documents (and any information contained therein) that it produces by marking such document with the legend "CONFIDENTIAL" when copies are produced to the receiving party. Alternatively, a party may designate as confidential any document or category of documents by providing notice to all parties in this action. Any prior production, or any preliminary production of documents for inspection and designation for

copying by the receiving party shall not constitute a waiver of confidentiality, however, even if those documents have not been marked CONFIDENTIAL or designated as confidential in writing. If documents produced prior to this order either for inspection and designation or for some other purpose have not been marked CONFIDENTIAL before inspection, only counsel of record and other people described in paragraphs 7(a) and 7(c) may inspect those documents.

3.      Any confidential information not reduced to documentary, tangible, or physical form or which cannot conveniently be designated in the manner set forth in paragraph 2, including but not limited to data contained in any electronic form, shall be designated CONFIDENTIAL by informing the receiving party in writing that all of the information is confidential. If any party produces CONFIDENTIAL material stored electronically, including but not limited to production of magnetic diskettes or downloaded or uploaded files transferred by any method including electronic mail, then all of that information retains its CONFIDENTIAL nature regardless of whether the information is manipulated or converted to any other media including but not limited to the creation of print-outs or other hard copies and conversations or manipulation of data for whatever purpose including but not limited to conversation or manipulation for processing by any other computer hardware or software.

4.      Any part of deposition testimony in this case may be designated CONFIDENTIAL by advising the reporter and all parties of such fact, or by notifying the reporter and all parties in writing within thirty days of the receipt of the transcript by the deponent or deponent's counsel. All deposition testimony in this action is presumptively CONFIDENTIAL until thirty days after the deposition. Deposition testimony marked CONFIDENTIAL shall be given to no one other than people described in paragraph 7, the reporter, the deponent, and the deponent's counsel present. Any CONFIDENTIAL testimony must be marked, treated, used and/or disclosed only as provided in this Order.

5.      Neither the designation by a party of any document, information, or deposition testimony as CONFIDENTIAL hereunder, nor its receipt by the other party, shall constitute a concession that the document, information, or deposition testimony is confidential. A party may object to the designation of any document or information as CONFIDENTIAL, by stating the grounds for the objection. The parties shall try to resolve informally such disputes in good faith. If the dispute cannot be resolved, the objecting party may seek relief from this Court, including an order that the documents should not be treated as CONFIDENTIAL or that specified provisions of this Order shall not apply to the document or information.

6.      Nothing in this Order shall prevent any party from objecting to discovery that it believes is improper.

7.      Documents designated as CONFIDENTIAL and all information contained therein shall be kept confidential, shall be used solely for the prosecution and defense of this case, and shall be disclosed only to:

      a.      Plaintiffs and Defendants in this case, including officers, directors, employees, and in-house attorneys of the Parties;

4

b.     Counsel of record for the parties to the case;

c.     Attorneys, paralegals, secretaries and other personnel employed or retained by or working under the supervision of counsel of record described in subparagraph 7(b) who are assisting in this action;

d.     Outside consultants, technical advisors and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

e.     Individuals who are prepared by counsel to give testimony at deposition or at trial.

f.     Stenographers, court reporters or video reporters who are employed in the Action for the purpose of transcribing, including, but not limited to, depositions, trial or any hearings or proceedings before the Court;

g.     The Court and its employees;

h.     Any other person or entity as to whom counsel for the producer or provider of the confidential information agreed in writing, or whom the Court directs, shall have access to such information, provided that the person signs a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms, before seeing CONFIDENTIAL documents.

8.     CONFIDENTIAL documents may be disclosed to persons described in subparagraph 7(d) of this Order ("a 7(d) person") only for evaluation, testing, testimony, preparation for trial or other services related to this litigation. A 7(d) person must sign a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms, before seeing CONFIDENTIAL documents. Counsel of record for the party on whose behalf the outside consultant, technical advisor or expert witness has been employed or retained shall maintain the original Exhibit A.

9.     CONFIDENTIAL material subject to this Order shall not be used for any purpose other than the preparation and trial of this action according to the provisions of this Order.

10.     If any papers filed with the Court contain, quote, paraphrase, compile or otherwise reveal the substance of documents or information designated as CONFIDENTIAL, these papers shall be filed with the Clerk of the Court in a sealed envelope prominently marked

5927438v1 847607

with the caption of this case and with the legend "CONFIDENTIAL--TO BE OPENED ONLY AS DIRECTED BY THE COURT"; provided, however, that copies of any such papers, redacted to omit any text which contains, quotes, paraphrases, compiles; or otherwise reveals the substances of documents designated CONFIDENTIAL shall be filed with the Clerk of the Court without being filed under seal. The Clerk of the Court is hereby directed to hold all such materials filed in this case in a sealed enveloped marked "CONFIDENTIAL" and to make any such sealed envelope available only as authorized by the Court.

11.     Upon request of the producing party and within sixty (60) days after the final disposition of all aspects of this case by settlement, judgment, or expiration of time to appeal, all documents designated CONFIDENTIAL, including any reproductions of such documents, must be returned to the producing party or its counsel.

12.     The parties hereto agree and acknowledge that a material and willful violation of this Order by any party, their employees, representatives, or agents, may result in irreparable harm to the producing party, and nothing in this Order shall preclude a party from pursing an action for damages based on the violation of this terms of this Order.

ENTERED:

Date: _____          _____

                                       Hon.

6

5927438v1 847607

## EXHIBIT A

1.    I,_____, residing at _____,
have read the foregoing Protective Order (the "Order") in the case captioned *Francis Santiago, v GMAC Mortgage Group, Inc., et al*, Court No. 02-4048 (the "action"). I agree to be bound by its terms with respect to any documents designated as "Confidential" thereunder that are furnished to me as set forth in the Order.

2.    I further agree: (a) not to disclose to anyone any documents, or any information contained in documents, designated as "Confidential" other than as set forth in the Order; and (b) not to make any copies of any documents designated as "Confidential" except in accordance with the Order.

3.    I hereby consent to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania with regard to any proceedings to enforce the terms of the Order against me.

4.    I hereby agree that any documents designated as "Confidential" that are furnished to me will be used by me only for the purposes of the action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own; nor will the information contained therein be shared or otherwise imparted by me to any other person. At the conclusion of the action, I agree that all documents designated CONFIDENTIAL in my possession or control, including any reproductions of such documents, must be returned to the producing party or its counsel.


_____          _____
            Signature                                          Date


7

5927438v1 847607