<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| FRANCIS SANTIAGO, | ) | |
|   On behalf of himself and all | ) | |
|   others similarly situated, | ) | Civil Action |
| | ) | No. 02-CV-04048 |
|          Plaintiff | ) | |
| | ) | |
|      vs. | ) | |
| | ) | |
| GMAC MORTGAGE GROUP, INC., | ) | |
| GMAC RESIDENTIAL HOLDING | ) | |
|   CORP. and | ) | |
| GMAC MORTGAGE CORPORATION, | ) | |
| | ) | |
|        Defendants | ) | |

\*    \*    \*

APPEARANCES:

       BARRY A. WEPRIN, ESQUIRE,and
       JENNIFER L. YOUNG, ESQUIRE
          On behalf of Plaintiffs

       ROBERT A. NICHOLAS, ESQUIRE and
       LOUIS W. SCHACK, ESQUIRE
          On behalf of Defendants

\*    \*    \*

<u>SECOND RULE 16 STATUS CONFERENCE ORDER</u>

     NOW, this 3rd day of August, 2006, after status conference conducted by telephone with the undersigned on this date, pursuant to Rule 16 of the Federal Rules of Civil Procedure, and by agreement of counsel,

     <u>IT IS ORDERED</u> that counsel for plaintiffs shall report to the undersigned concerning the status of settlement negotiations on or before August 23, 2006.

<u>IT IS FURTHER ORDERED</u> that, except as otherwise provided below, all discovery relating both to class certification and to the merits shall be completed by November 30, 2006.

<u>IT IS FURTHER ORDERED</u> that plaintiffs shall be precluded from offering the testimony of expert witnesses at trial unless on or before November 30, 2006 plaintiffs provide defense counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

<u>IT IS FURTHER ORDERED</u> that defendants shall be precluded from offering the testimony of expert witnesses at trial unless on or before January 5, 2007 defendants provide plaintiffs' counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

<u>IT IS FURTHER ORDERED</u> that plaintiffs shall have until December 15, 2006 to file a motion for class certification.

<u>IT IS FURTHER ORDERED</u> that defendants shall have until on or before January 12, 2007 to file an answer, accompanied by a brief not to exceed 25 pages to plaintiffs' motion for class certification.

<u>IT IS FURTHER ORDERED</u> that a hearing on plaintiffs' motion for class certification shall be held before the

undersigned on February 1 and 2, 2007 in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania.[1]

IT IS FURTHER ORDERED that all discovery motions, including motions concerning expert witnesses, shall be filed and served prior to the close of discovery.  Any motions filed in violation of this Order may be deemed waived in the absence of good cause shown.

IT IS FURTHER ORDERED that all dispositive motions, including motions for summary judgment, accompanied by a brief, shall be filed and served on or before January 22, 2007.

IT IS FURTHER ORDERED that all motions in limine shall be filed and served on or before February 19, 2007.

IT IS FURTHER ORDERED that all motions (except those relying solely on a Federal Rule of Civil Procedure) shall be accompanied by a brief, not to exceed twenty-five pages without prior leave of court.  There shall be no reply briefs unless requested, or authorized, by the undersigned.  Reply briefs shall not exceed seven pages and must be filed within three business days of the court's request or approval.

IT IS FURTHER ORDERED that any party filing a motion for summary judgment or partial summary judgment shall file and

---

[1]    In order to facilitate class certification deadlines, if applicable, it is the intention of the undersigned to rule on the issue of class certification on or before February 16, 2007.

serve, in addition to a brief, a separate short concise statement, in numbered paragraphs, of the material facts about which the moving party contends there is no genuine dispute.  The moving party shall support each such material fact with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  Failure to submit such a statement may constitute grounds for denial of the motion.

IT IS FURTHER ORDERED that any party opposing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, responding in numbered paragraphs to the moving party's statement of the material facts about which the opposing party contends there is a genuine dispute, with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  All factual assertions set forth in the moving party's statement shall be deemed admitted unless specifically denied by the opposing party in the manner set forth in this paragraph.

IT IS FURTHER ORDERED that a jury trial of the within case shall commence before the undersigned on Monday, April 16, 2007, at 9:30 o'clock a.m., or as soon thereafter as the schedule of the court permits, with the selection of a jury at the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  After completion of jury selection,

-4-

the trial shall continue in Courtroom B, Edward N. Cahn United

States Courthouse, 504 West Hamilton Street, Allentown,

Pennsylvania.  This Order shall serve as a formal attachment for

trial.


                         BY THE COURT:



                         /s/ James Knoll Gardner
                         James Knoll Gardner
                         United States District Judge