1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS SANTIAGO, | : | |
| Plaintiff, | : | Civil Action No. 02-4048 |
| v. | : | |
| GMAC MORTGAGE GROUP, INC., GMAC RESIDENTIAL HOLDING CORP., and GMAC MORTGAGE CORPORATION, | : | |
| Defendants. | : | |

## CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement ("Settlement Agreement") between Plaintiff Francis Santiago ("Santiago" or "Plaintiff"), individually and on behalf of a settlement class (defined below) of similarly situated persons in *Santiago v. GMAC Mortgage Group, Inc. et al.*, No. 02-4048 (E.D. Pa.) and Defendants GMAC Mortgage Group, Inc. (n/k/a GMAC Mortgage Group, LLC), GMAC Residential Holding Corporation (n/k/a GMAC Residential Holding Company, LLC), and GMAC Mortgage Corporation (n/k/a GMAC Mortgage, LLC) ("Defendants") was reached after arms-length negotiations between counsel for all parties.

## RECITALS

1.      On June 21, 2002, Plaintiff filed a Class Action Complaint (the "Complaint") in the Eastern District of Pennsylvania, alleging that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), Section 8(b), by collecting certain fees from Santiago for settlement services provided in connection with his Federal Housing Administration home mortgage loan.

In addition to violations of RESPA, Plaintiff also asserted state law claims for unjust enrichment and money had and received. The settlement service fees at issue in the Complaint are an $85.00 tax service fee, a $20.00 flood certification fee, and a $250.00 funding fee.

2.    At the time of Plaintiff's loan closing on January 24, 2002, Defendants operated four business channels which originated mortgage loans, and they were commonly referred to as Retail, Direct, GMACM d/b/a ditech.com ("Ditech"), and Business Lending ("Broker"). The Retail and Direct channels were in existence on or before 1995, the Broker channel was created in 1999, and the Ditech channel was created in 2000. The Broker channel originates loans using the services of a broker; whereas, the other business channels do not use a broker to originate mortgage loans. The loan obtained by Plaintiff from Defendants was originated through the Broker channel.

3.    Plaintiff seeks to represent a settlement class (the "Class") consisting of all individuals to whom Defendants originated a loan through the Broker channel from 1999 through August 2005.

4.    Plaintiff and the Class are represented by the law firm of Milberg Weiss & Bershad LLP, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Packard Packard & Johnson, The Law Offices of Michael Huber, and The Law Offices of Mark E. Butler ("Class Counsel"). Class Counsel has conducted a thorough investigation of the facts pertinent to the Complaint and likewise investigated the law regarding Plaintiff's claims and Defendants' asserted defenses. Class Counsel recognizes the risk and expense associated with a trial of Plaintiff's claims and any appeals that may follow and the uncertainty inherent in complex litigation and has concluded that the settlement set forth in this Settlement Agreement is in the best interests of the Plaintiff, the Class, and judicial economy.

5.    Defendants deny that they are liable in any way to Plaintiff or the Class he seeks to represent, and deny that their actions violated RESPA Section 8(b) or any state laws in any manner. Defendants are, however, willing to enter into this Settlement Agreement to avoid the further expense and inconvenience of litigation, and have concluded that it is in their best interests to resolve and settle the claims which have been made against them by Plaintiff and the Class.

6.    Plaintiff, Class Counsel, and Defendants have agreed that the settlement set forth in this Settlement Agreement is expressly conditioned upon the Court's approval of Findings of Fact (defined herein, paragraph 11) pertaining to tax service and flood certification fees charged by Defendants in the Retail, Direct, and Ditech business channels.

7.    In consideration of the foregoing and other good and valuable consideration, Plaintiff, Class Counsel, and Defendants stipulate and agree that the claims of the Plaintiff and the Class against Defendants are hereby compromised and settled, subject to entry of Findings of Fact and the final approval of the Court, after a hearing, and upon entry of a final judgment of dismissal with prejudice as provided in this Settlement Agreement, all subject to the following terms and conditions.

## SETTLEMENT TERMS

8.    **Effective Date.** The effective date of this Settlement Agreement shall be the date of the entry of the Final Order if no objections to the settlement are made by the time of the final approval hearing ("Effective Date"). If objections to this Settlement Agreement have been made by the time of the final approval hearing, the Effective Date shall be the later of (a) the date of the expiration of the time to appeal from the Final Order without an appeal having been taken or; (b) if an appeal shall be taken from the Final Order, the date upon which all appeals, including

petitions for leave to appeal, *certiorari*, or rehearing, or any proceedings resulting therefrom, have been finally disposed of in such manner that the Settlement Agreement is affirmed in its entirety and the settlement may be consummated without change. Plaintiff, Class Counsel, and Defendants waive their rights to appeal from any Final Order entered in accordance with the terms of this Settlement Agreement. Plaintiff, Class Counsel, and Defendants shall each bear their own costs and expenses in responding to any appeal taken from the Final Order.

9.    **Class Certification.** Solely for the purpose of this Settlement Agreement and its implementation, and without in any way conceding the certifiability of a class for litigation purposes (which Defendants expressly deny), Plaintiff and Defendants have stipulated to the certification of a Class consisting of all individuals to whom Defendants originated a loan through the Broker channel from 1999 through August 2005. The Class consists of approximately 83,713 members, according to Defendants' records. Defendants' agreement to certify the Class is subject to the terms of this Settlement Agreement, which eliminate individual questions as to whether particular class members are entitled to recovery. If this Settlement Agreement is not approved or does not become effective for any reason, the Class shall be decertified and Defendants shall retain their right to object to the maintenance of the action as a class action.

10.    **Class Representative.** Class Counsel and Defendants agree to the appointment of Francis Santiago as Class Representative.

11.    **Findings of Fact.** Upon execution of this Settlement Agreement, the Plaintiff, Class Counsel, and Defendants will jointly submit proposed Findings of Fact to the Court in the form attached hereto as Exhibit A. Plaintiff, Class Counsel, and Defendants are satisfied and have agreed that the evidence in this case supports entry of the Findings of Fact, and will jointly

4

request that the Court approve and enter the Findings of Fact on the record in this case. Plaintiff, Class Counsel, and Defendants agree that if the Court does not enter and approve the Findings of Fact prior to, or at the time of preliminary approval of the Settlement, then this Settlement Agreement shall be null and void and the provisions of paragraph 20 will apply. Plaintiff, Class Counsel, and Defendants further agree that if the Settlement is not finally approved by the Court for whatever reason, then the Findings of Fact shall be null and void, and Class Counsel and Defendants will promptly submit a consent order stipulating that the Findings of Fact be vacated and withdrawn.

12.    **Preliminary Approval.**  Upon execution of this Settlement Agreement, Plaintiff, Class Counsel, and Defendants will jointly request that the Court preliminarily find that this Settlement Agreement is fair to all Class Members and approve the Class Notice attached as Exhibit B.  Plaintiff, Class Counsel, and Defendants will also jointly request preliminary approval of the settlement set forth in this Settlement Agreement and will request the entry of an order of preliminary approval in the form attached as Exhibit C ("Preliminary Order").  If the Court refuses to grant preliminary approval, then this Settlement Agreement shall be null and void and the provisions of paragraph 20 will apply. Plaintiff, Class Counsel, and Defendants agree to request a date for a final approval hearing approximately ninety (90) days from the date of the motion for preliminary approval.

13.    **Settlement Fund.**  In consideration of the full and complete settlement, release, and discharge of all claims of Plaintiff and the Class against Defendants, and subject to the provisions of this Settlement Agreement and all applicable orders of the Court, Defendants shall pay as a settlement fund, six hundred and fifty thousand dollars ($650,000.00) ("Settlement Fund"). Defendants agree to fund the Settlement Fund within ten (10) days of the Effective Date.

5

Subject to Court approval, Class Counsel shall receive from the Settlement Fund a check in the amount of three hundred twenty five thousand dollars ($325,000.00), made payable to Milberg Weiss & Bershad LLP for attorneys' fees and related litigation costs and expenses ("Attorneys' Fees"), to be distributed among Class Counsel. The Attorneys' Fees shall be paid from the Settlement Fund within fourteen (14) days of the Effective Date. Defendants shall pay Plaintiff Francis Santiago $500 from the Settlement Fund, prior to Class distribution, for his services as Class Representative. The remainder of the Settlement Fund will be distributed in accordance with paragraph 18 below.

14.    **Class Administrator.** Upon preliminary approval of this Settlement Agreement by the Court, Defendants agree to pay to Brown Greer PLC ("Class Administrator") all costs associated with the mailing of the Class Notice, as described in paragraph 16 below and the distribution of the Settlement Fund, as described in paragraph 18 below. These costs are in addition to the Settlement Fund.

15.    **Release.** As consideration for this Settlement Agreement, and upon the Effective Date, Plaintiff and each and every member of the Class, including any other person acting on their behalf or for their benefit (collectively "Releasors") hereby releases and discharges Defendants, as well as their predecessors and successors in interest and present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, or entities for which any Defendant performs mortgage servicing activities (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees") from any causes of action, suits, claims, damages, losses, or demands whatsoever, in law or in equity, known or unknown at this time, suspected or unsuspected, which Plaintiff and the classes now

have or ever had, or may in the future have, against the Releasees, under any legal theory, including, but not limited to, all claims under local, state or federal law, including claims for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2601, et seq., fraud, breach of contract or other acts, omissions or claims, and for any general, special, consequential and punitive damages specifically related to such claims, as well as any claims for disgorgement, restitution, injunctive relief, penalties, attorneys' fees and costs of suit in connection with such claims, whether or not alleged, arising out of the allegations in or subject matter of the Complaint relating to loans issued by Defendants' Broker channel from 1999 through August 2005. This release is conditioned upon the final approval of this Settlement Agreement by the Court and upon Plaintiff, Class Counsel, and Defendants meeting their obligations herein.

Defendants' loans to members of the Class are in no way affected by this Settlement Agreement, and nothing herein shall prevent any member of the Class or Defendants from exercising their legal rights pursuant to any existing mortgages or seeking thereunder any remedies or relief not released herein.

16.    **Mailing of Class Notice.**    Within seven (7) days of the Court's entry of preliminary approval order, Defendants shall provide the Class Administrator with a list of the Class members and their last known addresses ("Class List"). Defendants shall cause the Class Administrator to send or arrange to send the Class Notice to each Class member, by any form of U.S. Mail that provides a forwarding address, within twenty-one (21) days of preliminary approval of this Settlement Agreement by the Court. Notices returned with a forwarding address shall be re-mailed to the new address within (3) business days. Class Notice shall be provided to each Class member's last known address, according to Defendants' records. Prior to mailing, the

Class Administrator will process every Class member address through a Lexis/Nexis database to obtain updated contact information.

(a)     Any Class member whose notice is returned as undeliverable with no forwarding address available shall not be entitled to receive a distribution from the Settlement Fund, but will otherwise remain a member of the Class for all other purposes of this Settlement Agreement and settlement.

(b)     Any Class member whose notice is not returned as undeliverable ("Claimants") shall be entitled to receive a distribution from the Settlement Fund.   Class Members shall have forty-five (45) days from mailing of the Class Notice in which to opt-out or file an objection.

(c)     Plaintiff, Class Counsel, and Defendants may destroy documents associated with the Class Notice and with administration of the Settlement Agreement one (1) year after the distribution of the Settlement Fund.

(d)     Plaintiff, Class Counsel, and Defendants will immediately notify each other of the receipt of any request to opt out or an objection to this Settlement Agreement received from a member of the Class.

17.     **Final Approval.**  After notice to the Class and an opportunity to object, Plaintiff, Class Counsel, and Defendants shall jointly submit this Settlement Agreement to the Court and move for a final order in the form attached as Exhibit D (the "Final Order") which (a) approves the settlement set forth in this Settlement Agreement as fair, reasonable, and adequate and directs its administration in accordance with the terms of this Agreement; (b) finds that the Class Notice satisfied the requirements of due process and Rule 23; (c) dismisses this action with prejudice, and gives full force and effect to the Releases contained in paragraph 15; (d) provides that

Plaintiff and any member of the Class who does not exclude himself or herself from the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any state, federal, or foreign court, against Defendants, their predecessors or successors in interest, or their past or present affiliates, parents, subsidiaries, insurers, successors, and assigns, and its present or former directors, officers, partners, employees, members, shareholders, representatives, heirs, assigns, agents, insurers, attorneys, and entities for which any Defendant performs mortgage servicing activities (including, without limitation, any investors, trusts, or other similar entities), any and all claims relating to allegations in the Complaint relating to loans originated by Defendants' Broker channel from 1999 through August 2005; and (e) retains jurisdiction to supervise and enforce the terms of this Settlement Agreement.

18. **Distribution of Settlement Fund.** Upon the Effective Date, and after payment of Attorneys' Fees assuming the full amount of attorneys' fees are awarded and paid in accordance with paragraph 13 above, the balance of the Settlement Fund shall be distributed to the Claimants as set forth below:

A. Each Claimant whose loan closed between 1999 and February 28, 2002, shall receive a check in the approximate amount of $12.22; and

B. Each Claimant whose loan closed between March 1, 2002, and August 31, 2005, shall receive a check in the approximate amount of $2.00.

The distribution amounts set forth above may be increased to effectuate the complete distribution of the Settlement Fund, after the distribution of Attorneys' Fees, to the Claimants. All checks issued to the Claimants in accordance with this paragraph shall indicate on their face that they are void after ninety (90) days from the date issued ("void date"). All checks shall be sent by the Class Administrator to the Claimants by first-class mail at their last known address according to Defendants' records within thirty-five (35) days of the Effective Date. No checks will be issued

to Class members whose notices are returned as undeliverable. Any portion of the Settlement Fund that is unclaimed by the Class, because the settlement check was returned as undeliverable or without a forwarding address, or because the check remains uncashed 90 days after distribution, or any funds otherwise remaining after the distribution is calculated, shall be donated to the Homeownership Preservation Foundation as *a cy pres* remedy. Within one hundred twenty (120) days after the Effective Date, the Class Administrator will transmit the *cy pres* check to the Homeownership Preservation Foundation.

19. **Full Settlement Cost.** Notwithstanding anything to the contrary in this Settlement Agreement, including all exhibits, under no circumstances shall the liability of Defendants under this Settlement Agreement exceed six hundred fifty thousand dollars ($650,000.00), plus costs of notice and administration charged by the Class Administrator.

20. **Effect of Non-Approval.** The settlement set forth in this Settlement Agreement shall not become effective unless and until the Court finally approves the Settlement Agreement and settlement, without material alteration, as fair, reasonable, and adequate. In the event that the Court does not approve any part of this Settlement Agreement and settlement, then this entire Settlement Agreement and settlement shall become null and void except that Plaintiff, Class Counsel, and Defendants may agree in writing to proceed with a modified settlement and apply for Court approval of that modified settlement. In the event that this Settlement Agreement shall become null and void for any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply. No admission of law or fact, or combination thereof, will be found to exist as a result of this Settlement Agreement. If this Settlement Agreement fails to be approved or otherwise fails to be consummated in accordance with its terms:

(a)     Plaintiff shall be entitled to continue this action on behalf of himself and the Class in accordance with the rulings, circumstances, and procedural posture that existed in this case on August 28, 2006, the date on which Plaintiff, Class Counsel, and Defendants agreed to the terms of this settlement before the Honorable Magistrate Judge Arnold Rapoport.

(b)     Defendants shall retain all rights to continue their defense to this case in accordance with the rulings, circumstances, and procedural posture that existed in this case on August 28, 2006, the date on which Plaintiff, Class Counsel, and Defendants agreed to the terms of this settlement before the Honorable Magistrate Judge Arnold Rapoport.

21.     **No Admission of Fault.**  Neither this Settlement Agreement nor any negotiations shall be construed, offered, received as, or deemed to be, evidence of an admission or concession by Plaintiff or the Class of lack of merit, or by Defendants of any liability or wrongdoing whatsoever, whether as alleged in the Complaint or otherwise.  Defendants specifically deny that the conduct alleged in the Complaint gives rise to any such liability and that any class relating to such allegations properly could be certified as a class for litigation purposes.

22.     **Notice to Counsel.**  All documents, papers, and notices required to be given by this Settlement Agreement to Plaintiff, the Class, or Class Counsel shall be given to:

> Barry A. Weprin, Esquire
> Jennifer Young, Esquire
> Milberg Weiss & Bershad LLP
> One Pennsylvania Plaza
> New York, NY 10119

All documents, papers, and notices required to be given under this Settlement Agreement to Defendants shall be given to:

> Robert A. Nicholas, Esquire
> Louis W. Schack, Esquire
> Reed Smith LLP
> 2500 One Liberty Place

11

1650 Market Street
Philadelphia, PA 19103

23.    **Entire Agreement.**  Plaintiff, Class Counsel, and Defendants acknowledge that this Settlement Agreement constitutes the entire agreement among Plaintiff, Class Counsel, and Defendants and any other earlier or contemporaneous oral or written agreement respecting its subject matter shall have no force or effect.  Plaintiff, Class Counsel, and Defendants agree that no party shall be deemed to have drafted this Settlement Agreement.  Plaintiff, Class Counsel, and Defendants cannot alter or modify this Settlement Agreement except by an instrument in writing executed by each of them.  This Settlement Agreement includes all representations of every kind and nature made by Plaintiff, Class Counsel, and Defendants one to the other.  This Settlement Agreement may be executed in any number of counterparts, each of which together shall be deemed one and the same instrument.

24.    **Cooperation.**  Plaintiff, Class Counsel, and Defendants to this Settlement Agreement agree to cooperate in the submission of this Settlement Agreement to the Court and will recommend acceptance of the Settlement Agreement by all necessary parties.  As soon as practicable, they will take all necessary steps to secure the Court's preliminary approval of this Settlement Agreement.  After Class Notice and an opportunity to object, Plaintiff, Class Counsel and Defendants will take all steps reasonably necessary to secure the Court's final approval of the Settlement Agreement and to secure the dismissal of this lawsuit with prejudice, subject to the procedures and conditions set forth.  Plaintiff, Class Counsel, and Defendants shall cooperate in taking any such other steps as may be necessary or as may be requested by the Court and shall otherwise use their best efforts to implement this Settlement Agreement and the settlement provided for herein.

25.    **Release of Attorneys' Lien.**  In consideration of this Settlement Agreement, Class Counsel hereby waive, discharge, and release the "Releasees" as defined in paragraph 15 above of and from any and all claims for Attorneys' Fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case.  Once Defendants have made the payment of attorneys fees as specified in pargaraph 13, all Class Counsel agree Defendants have no further obligation to make payments to any of them.

26.    **State Law.**  This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Pennsylvania.

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of record have so agreed, on January 12 , 2007.

**For Class Counsel with respect to release of attorneys' lien:**

Barry A. Weprin, Esquire
Jennifer Young, Esquire
MILBERG WEISS & BERSHAD  LLP
One Pennsylvania Plaza
New York, NY 10119
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229

BARRACK, RODOS & BACINE
Jeffrey W. Golan, Esq.
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone:  (215) 963-0600
Facsimile:  (215) 963-0838


LERACH COUGHLIN STOIA
  GELLER RUDMAN & ROBBINS LLP
John J. Stoia, Jr.
Timothy G. Blood

401 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

PACKARD, PACKARD & JOHNSON
Craig H. Johnson
2795 E. 2825 Cottonwood Parkway, Suite 500
Salt Lake City, UT 84121
Telephone: (801) 428-9000
Facsimile: (801) 428-9090

PACKARD, PACKARD & JOHNSON
Ronald D. Packard
Four Main Street, Suite 200
Los Altos, CA 94022
Telephone: (650) 947-7300
Facsimile: (650) 947-7301

LAW OFFICES OF MICHAEL HUBER
Michael E. Huber
8170 South Highland Drive, Suite E5
Sandy, UT  84093
Telephone: (801) 733-5807
Facsimile: (801) 733-0132

LAW OFFICES OF MARK E. BUTLER
Mark E. Butler
116 4th Place
Brooklyn, NY 11231-4513
Telephone: (718) 422-0361
Facsimile: (309) 276-7533

For Plaintiffs and the Class:

_Francis Santiago_ (signature)

Francis Santiago


For Defendants:

(signature)

Robert A. Nicholas, Esquire
Louis W. Schack, Esquire
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420

15