# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS SANTIAGO, | : |
| Plaintiff, | : Civil Action No. 02-4048 |
| v. | : |
| GMAC MORTGAGE GROUP, INC., GMAC RESIDENTIAL HOLDING CORP., and GMAC MORTGAGE CORPORATION, | : |
| Defendants. | : |

### FINDINGS OF FACT

**AND NOW**, this ___ day of _____, 2007, the parties to this action, Defendants GMAC Mortgage Group, Inc. (n/k/a GMAC Mortgage Group, LLC), GMAC Residential Holding Corp. (n/k/a GMAC Residential Holding Company, LLC), and GMAC Mortgage Corporation, including their predecessors, successors in interest, affiliates, and subsidiaries, (collectively, "GMACM"), and Plaintiff Francis Santiago ("Plaintiff"), on behalf of himself and others similarly situated, having agreed that the evidence in this case supports the entry of the following Findings of Fact, it is hereby **ORDERED** that the Findings of Fact contained herein are approved and entered on the record in this case:

1. At the time of Francis Santiago's loan closing on January 24, 2002, GMACM had four business channels which originated mortgage loans, and they were commonly referred to as Retail, Direct, GMACM d/b/a ditech.com ("Ditech"), and Business Lending ("Broker").

2. The Retail and Direct channels were in existence on or before 1995. The Broker channel was created in 1999, and the Ditech channel was created in 2000.

3. The four channels use and have used third-party vendors to perform tax services and flood certifications.

-2-

4. Plaintiff initiated this lawsuit alleging that GMACM charged borrowers more than the contractual amount it paid to its third-party vendors to perform tax services and flood certifications.

5. For tax services and flood certifications in the Retail, Direct, and Ditech channels, the parties stipulate to the following facts:

   a. GMACM generally charged borrowers the same amount that GMACM paid to its third-party vendor.

   b. GMACM sometimes did not charge a fee for these services or charged an amount less than the contractual amount GMACM paid to its third-party vendor.

   c. GMACM generally did not charge more than the contractual amount GMACM paid to its third-party vendor.

6. Based on these facts stipulated to by the parties, the Court concludes that the claims in the Complaint related to the flood certifications and tax services in the Retail, Direct and Ditech channels were properly dismissed and no class could have been certified.

SO ORDERED:

_____
HONORABLE JAMES KNOLL GARDNER, J.

Dated: _____, 2007