# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS SANTIAGO, | : |
| Plaintiff, | : Civil Action No. 02-4048 |
| v. | : |
| GMAC MORTGAGE GROUP, INC., GMAC RESIDENTIAL HOLDING CORP., and GMAC MORTGAGE CORPORATION, | : |
| Defendants. | : |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**AND NOW**, this __ day of _____, 2007, this matter having come before the court upon the parties' Joint Motion for Final Approval of the Class Settlement Agreement between Plaintiff Francis Santiago ("Plaintiff") and Defendants GMAC Mortgage Group, Inc. (n/k/a GMAC Mortgage Group, LLC), GMAC Residential Holding Corporation (n/k/a GMAC Residential Holding Company, LLC), and GMAC Mortgage Corporation (n/k/a GMAC Mortgage, LLC) ("Defendants"). The parties also seek dismissal of this action pursuant to the terms of the Class Settlement Agreement ("Settlement Agreement"). On _____, 2007, the Court held a fairness hearing to which Class members, including any with objections, were invited. The Court, being fully advised of the premises, hereby **ORDERS** that said motion is **GRANTED** and **FINDS THAT**:

1.  Plaintiff Francis Santiago ("Plaintiff") and Defendants GMAC Mortgage Group, Inc. (n/k/a GMAC Mortgage Group, LLC), GMAC Residential Holding Corporation (n/k/a GMAC Residential Holding Company, LLC), GMAC Mortgage Corporation ("Defendants")

have entered into a Settlement Agreement dated as of _____, 2007 ("Settlement Agreement").

2. On _____, 2007, that Settlement Agreement was, pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily approved and a settlement class was certified.

3. The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by [first-class] mail to 83,713 Class members (counting couples and other, joint persons as a single Class member).

4. _____ Class members requested exclusion and _____ objections were filed or received. A total of _____ Class members are entitled to a share in the monetary benefits of the settlement because their notice was not returned as undeliverable ("Claimants").

5. The complaint in this action alleges that Defendants violated state laws and Section 8(b) of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607(b) ("RESPA").

6. The Court finds that the class is appropriate under Fed. R. Civ. P. 23 because the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; Plaintiff's claim is typical of the claims of the class; and Plaintiff Francis Santiago will fairly and adequately protect the interests of the class.

7. The Court finds that the provisions for notice to the class satisfy the requirements of Fed. R. Civ. P. 23 and due process.

8. The Court finds that the settlement is fair and reasonable, and hereby approves the Settlement Agreement submitted by the parties, including the release and the payment by Defendants from the Settlement Fund of _____ as attorney's fees and costs prior to the distribution to the class, and distribution of a _____ settlement fund to the Class members in accordance with the Settlement Agreement. The Court hereby approves a payment to Plaintiff Francis Santiago $500 for his services as Class Representative.

(a) Pursuant to paragraphs 13 and 18 of the Settlement Agreement, the $_____ class settlement fund shall be distributed by the Class Administrator to the Class members who did not opt-out and whose notice was not returned as undeliverable. The Class Administrator shall, within 35 days of the Effective Date of the settlement, mail checks to Class members meeting these criteria. In accordance with the Settlement Agreement, Claimants whose loans closed between 1999 and February 28, 2002 shall receive a check in the amount of $_____, and Claimants whose loans closed between March 1, 2002 and August 31, 2005 shall receive a check in the amount of $_____. Any portion of the settlement fund that is unclaimed by the class, because the settlement check was returned as undeliverable or without a forwarding address, or because the check remains uncashed 90 days after distribution, or because any funds otherwise remain after the distribution was calculated, shall be paid to the Homeowners Preservation Foundation as a *cy pres* remedy on behalf of the class. Pursuant to paragraph 18 of the Settlement Agreement, the *cy pres* check shall be transmitted within 120 days after the Effective Date of the Settlement Agreement.

(b) Pursuant to paragraph 13 of the Settlement Agreement, Defendants shall pay $_____ to class counsel for attorney's fees and costs. Class counsel have submitted to the Court a detailed affidavit of their fees and expenses, including their current hourly rates and the number of hours expended in this matter, which is attached to this Order as Appendix 1.

Accordingly, payment by Defendants of $_____ to Class counsel for attorney's fees and costs is hereby approved.

9. The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to plaintiff and all members of the class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

**IT IS HEREBY ORDERED THAT:**

1. The _____, 2007 Settlement Agreement is hereby approved.

2. Plaintiff and every member of the class who did not timely request exclusion, shall be forever barred and enjoined from instituting or further prosecuting any action, in any forum whatsoever, including but not limited to, any state, federal, or foreign court, against Defendants, as well as their predecessors and successors in interest and present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns or entities for which any Defendant performs mortgage servicing activities (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees"), from any causes of action, suits, claims, damages, losses, or demands whatsoever, in law or in equity, known or unknown at this time, suspected or unsuspected, which Plaintiff and the classes now have or ever had, or may in the future have, against the Releasees, under any legal theory, including, but not limited to, all claims under local, state or federal law, including claims for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2601, et seq., fraud, breach of contract or other acts, omissions or claims, and for any general, special, consequential

- 4 -

and punitive damages specifically related to such claims, as well as any claims for disgorgement, restitution, injunctive relief, penalties, attorneys' fees and costs of suit in connection with such claims, whether or not alleged, arising out of the allegations in or subject matter of the Complaint relating to loans issued by Defendants' Broker channel from 1999 through August 2005. Defendants' loans to members of the Class are in no way affected by this Settlement Agreement, and nothing herein shall prevent any member of the Class or Defendants from exercising their legal rights pursuant to any existing mortgages or seeking thereunder any remedies or relief not released herein.

3. One hundred twenty (120) days after the final approval of the settlement, Defendants' counsel shall distribute any remaining funds to Homeowners Preservation Foundation as a *cy pres* remedy.

4. The *cy pres* remedy is approved and payment shall be distributed to Homeowners Preservation Foundation.

5. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

6. This action is hereby dismissed with prejudice and with each party to bear its own costs.

7. This order resolves all claims against all parties in this action.

BY THE COURT:

HONORABLE JAMES KNOLL GARDNER, J.

Copies to:

Robert A. Nicholas, Esquire
Louis W. Schack, Esquire
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile:

Attorneys for Defendants
GMAC Mortgage Group, Inc.,
GMAC Residential Holding Corp.,
and GMAC Mortgage Corporation

Barry A. Weprin, Esquire
Jennifer Young, Esquire
MILBERG WEISS & BERSHAD LLP
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

BARRACK, RODOS & BACINE
Jeffrey W. Golan, Esq.
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

LERACH COUGHLIN STOIA
  GELLER RUDMAN & ROBBINS LLP
John J. Stoia, Jr.
Timothy G. Blood
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

PACKARD, PACKARD & JOHNSON
Craig H. Johnson
2795 Cottonwood Parkway, Suite 600

Salt Lake City, UT 84121
Telephone: (801) 428-9000
Facsimile: (801) 428-9090

PACKARD, PACKARD & JOHNSON
Ronald D. Packard
Four Main Street, Suite 200
Los Altos, CA 94022
Telephone: (650) 947-7300
Facsimile: (650) 947-7301

LAW OFFICES OF MICHAEL HUBER
Michael E. Huber
8170 South Highland Drive, Suite E5
Sandy, UT 84093
Telephone: (801) 733-5807
Facsimile: (801) 733-0132

LAW OFFICES OF MARK E. BUTLER
Mark E. Butler
116 4th Place
Brooklyn, NY 11231-4513
Telephone: (718) 422-0361
Facsimile: (309) 276-7533

Attorneys for Plaintiff and the Class