IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS SANTIAGO,<br><br>             Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE GROUP, INC.,<br>GMAC RESIDENTIAL HOLDING<br>CORP., and GMAC MORTGAGE<br>CORPORATION,<br><br>             Defendants. | Civil Action No. 02-4048 |

**AMENDED JOINT MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff, Francis Santiago ("Plaintiff" or "Santiago") individually and on behalf of a settlement class (defined below) and Defendants, GMAC Mortgage Group, Inc. (n/k/a GMAC Mortgage Group, LLC), GMAC Residential Holding Corporation (n/k/a GMAC Residential Holding Company, LLC), and GMAC Mortgage Corporation (n/k/a GMAC Mortgage, LLC) ("Defendants") jointly and respectfully request that the Court enter an Order: (i) certifying a class for settlement purposes; (ii) granting preliminary approval of the Class Settlement Agreement (attached hereto as Exhibit 1) ("Settlement Agreement"); and (iii) appointing Milberg Weiss & Bershad LLP, Lerach Coughlin Stoia Geller Rudmon & Robbins LLP, Packard Packard & Johnson, The Law Offices of Michael Huber, and The Law Offices of Mark E. Butler as Class Counsel. In support of this motion, Plaintiff and Defendants state the following:

      1.      On June 21, 2002, Plaintiff filed a Class Action Complaint ("Complaint") in the Eastern District of Pennsylvania, alleging that Defendants violated the Real Estate Settlement Procedures Act ("RESPA") Section 8(b), by collecting certain fees from Santiago for settlement

services provided in connection with his Federal Housing Administration home mortgage loan. In addition to violations of RESPA, Plaintiff also asserted state law claims for unjust enrichment and money had and received. The settlement service fees at issue in the Complaint are an $85.00 tax service fee, a $20.00 flood certification fee, and a $250.00 funding fee.

2. At the time of Plaintiff's loan on January 24, 2002, Defendants operated four business channels which originated mortgage loans, and they were commonly referred to as Retail, Direct, GMACM d/b/a ditech.com ("Ditech"), and Business Lending ("Broker"). The Broker channel originates loans using the services of a broker, and the loan obtained by Plaintiff from Defendants was originated through the Broker channel.

3. Counsel for Plaintiff and Defendants have reviewed and analyzed the legal and factual issues presented in this action, the risks and expenses involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood of success, costs and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, and upon arms-length negotiations between Plaintiff's counsel and Defendants' counsel, Plaintiff and Defendants entered into the Settlement Agreement (attached hereto as Exhibit 1).

4. The parties desire to settle and compromise the litigation on the terms and conditions embodied in the Settlement Agreement and agree as follows:

    a. <u>Class Certification.</u> Solely for the purpose of the Settlement Agreement and its implementation, and without in any way conceding the certifiability of a class for litigation purposes (which Defendants expressly deny), Plaintiff and Defendants have stipulated to the certification of a Class pursuant to Federal Rule of Civil Procedure 23, consisting of all

individuals to whom Defendants originated a loan through the Broker channel from 1999 through August 2005. The Class consists of approximately 83,713 members, according to Defendants' records.

Class certification is appropriate because the class is so numerous that joinder of all 83,713 members would be impracticable. The class members share common questions of law or fact, including whether Defendants marked up the costs of third-party flood certifications without providing additional actual, necessary, and distinct services; whether the fees for obtaining the flood certifications were in excess of the reasonable value of those services; whether Defendants charged borrowers fees where no, nominal, or duplicative work was performed; what declaratory or injunctive relief is available to Plaintiff; and whether the elements of the claims for monies had and received and unjust enrichment are satisfied. Plaintiff's claim is typical of the claims of the class because his claim relates to alleged markups for flood certifications in violation of RESPA and state law. Plaintiff and his counsel will adequately represent the interests of the Class because Plaintiff's interests are aligned with the interests of the Class and counsel is capable of handling the claims of the Class.

      b.    <u>Class Notice.</u>  Defendants will give, or cause to be given, notice to the members of the Class by any form of US mail that provides address forwarding information. Notices returned with a forwarding address shall be re-mailed to the new address within (3) business days.

      c.    <u>Class Members' Right to Opt-Out.</u>  Members of the Class may seek to be excluded from the Settlement Agreement and the lawsuit by opting out of the Class within the time period set forth in the Settlement Agreement and approved by the Court. Any class member

who opts out of the Class shall not be bound by the terms of the Settlement Agreement and shall not be entitled to any of the monetary benefits as set forth in the Agreement.

        d.    <u>Relief to Class and Attorneys' Fees and Costs.</u>  In consideration of the full and complete settlement, release and discharge of the certified claims of Plaintiff and the Class against Defendants, and subject to the terms of the Settlement Agreement and applicable Court orders:

        i.    Defendants shall pay as a settlement fund six hundred and fifty thousand dollars ($650,000) ("Settlement Fund").  Each Class member whose notice is not returned as undeliverable ("Claimants") will be eligible to receive a check.  Claimants whose loans closed between 1999 and February 28, 2002 shall receive a check in the approximate amount of $14.40 and Claimants whose loans closed between March 1, 2002 and August 31, 2005 shall receive a check in the approximate amount of $2.00.  If any portion of the Settlement Fund remains uncashed following the three hundred and sixty-five (365) days after the Effective Date (as defined in the Settlement Agreement), the uncashed portion will be donated as a *cy pres* award to Homeownership Preservation Foundation;

        ii.    Subject to Court approval, Defendants shall pay Plaintiff Francis Santiago $500 from the Settlement Fund, prior to Class distribution, for his services as Class Representative.

        iii.    Milberg Weiss & Bershad LLP, Lerach Coughlin Stoia Geller Rudmon & Robbins LLP, Packard Packard & Johnson, The Law Offices of Michael Huber, and The Law Offices of Mark E. Butler shall be appointed as Class Counsel.  Each firm has performed significant work in identifying and investigating the potential claims in the action.  Counsel associated with each firm has a wealth of experience in handling class actions, complex

litigations, and consumer claims. Counsel associated with each firm is thoroughly familiar with RESPA, consumer lending law, and class action law. Each firm can commit substantial resources to representing the interests of the class.

    iv.    Milberg Weiss & Bershad LLP, Lerach Coughlin Stoia Geller Rudmon & Robbins LLP, Packard Packard & Johnson, The Law Offices of Michael Huber, and The Law Offices of Mark E. Butler will request an award of attorneys' fees and costs in an amount of three hundred twenty five thousand dollars ($325,000), to be paid from the Settlement Fund. Defendants agree not to oppose an application for attorneys' fees and costs in this amount.

    v.    Defendants shall pay the cost of mailing notice to the Class, administering the claims forms and distributing the Settlement Fund, and Defendants' counsel shall bear sole responsibility for administering the Class.

    e.    <u>Findings of Fact.</u> Plaintiff, Class Counsel, and Defendants jointly request that the Court enter the Findings of Fact in the form attached as Exhibit A to the Settlement Agreement. Plaintiff, Class Counsel, and Defendants are satisfied and have agreed that the evidence in this case supports entry of the Findings of Fact.

5.    Defendants have disclosed information relevant to the requirements of Federal Rule of Civil Procedure 23 regarding the size of the class, which the parties have relied upon in reaching a settlement and in bringing this motion.

6.    Counsel for Plaintiff and the Class believe that settlement of this action on the terms and conditions set forth in the Settlement Agreement are fair, reasonable, and adequate, and would be in the best interest of the members of the Class in light of the disputed nature of the claim and the differing opinions of various courts addressing similar claims to Plaintiff's. Counsel for Plaintiff further represent that they are authorized by Plaintiff Francis Santiago to

enter into this Settlement Agreement on his behalf, that counsel are able, experienced and well-qualified to evaluate the fairness of the proposed settlement on behalf of the members of the Class, and that counsel are in favor of this motion.

WHEREFORE, Plaintiff and Defendants jointly and respectfully request that the Court enter an Order: (i) certifying a class for settlement purposes; (ii) granting preliminary approval of the Class Settlement Agreement; and (iii) appointing Milberg Weiss & Bershad LLP, Lerach Coughlin Stoia Geller Rudmon & Robbins LLP, Packard Packard & Johnson, The Law Offices of Michael Huber, and The Law Offices of Mark E. Butler as Class Counsel.

Dated: March 20, 2007

Respectfully Submitted,

"s"/Louis W. Schack
Robert A. Nicholas, Esquire
Louis W. Schack, Esquire
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420

Attorneys for Defendants
GMAC Mortgage Group, Inc.,
GMAC Residential Holding Corp.,
and GMAC Mortgage Corporation


Barry A. Weprin, Esquire
Jennifer Young, Esquire
MILBERG WEISS & BERSHAD LLP
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

enter into this Settlement Agreement on his behalf, that counsel are able, experienced and well-qualified to evaluate the fairness of the proposed settlement on behalf of the members of the Class, and that counsel are in favor of this motion.

WHEREFORE, Plaintiff and Defendants jointly and respectfully request that the Court enter an Order: (i) certifying a class for settlement purposes; (ii) granting preliminary approval of the Class Settlement Agreement; and (iii) appointing Milberg Weiss & Bershad LLP, Lerach Coughlin Stoia Geller Rudmon & Robbins LLP, Packard Packard & Johnson, The Law Offices of Michael Huber, and The Law Offices of Mark E. Butler as Class Counsel.

Dated: March 19, 2007

Respectfully Submitted,

_____
Robert A. Nicholas, Esquire
Louis W. Schack, Esquire
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420

Attorneys for Defendants
GMAC Mortgage Group, Inc.,
GMAC Residential Holding Corp.,
and GMAC Mortgage Corporation

_____
Barry A. Weprin
Jennifer L. Young
MILBERG WEISS & BERSHAD LLP
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

BARRACK, RODOS & BACINE
Jeffrey W. Golan, Esq.
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

LERACH COUGHLIN STOIA
 GELLER RUDMAN & ROBBINS LLP
John J. Stoia, Jr.
Timothy G. Blood
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

PACKARD, PACKARD & JOHNSON
Craig H. Johnson
2795 Cottonwood Parkway, Suite 600
Salt Lake City, UT 84121
Telephone: (801) 428-9000
Facsimile: (801) 428-9090

PACKARD, PACKARD & JOHNSON
Ronald D. Packard
Four Main Street, Suite 200
Los Altos, CA 94022
Telephone: (650) 947-7300
Facsimile: (650) 947-7301

LAW OFFICES OF MICHAEL HUBER
Michael E. Huber
8170 South Highland Drive, Suite E5
Sandy, UT 84093
Telephone: (801) 733-5807
Facsimile: (801) 733-0132

LAW OFFICES OF MARK E. BUTLER
Mark E. Butler
116 4th Place
Brooklyn, NY 11231-4513
Telephone: (718) 422-0361
Facsimile: (309) 276-7533

Attorneys for Plaintiff and the Class