# EXHIBIT A

**AMENDED NOTICE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS SANTIAGO,  :<br><br>Plaintiff,  :<br><br>v.  :<br><br>GMAC MORTGAGE GROUP, INC.,  :<br>GMAC RESIDENTIAL HOLDING  :<br>CORP., and GMAC MORTGAGE  :<br>CORPORATION,  :<br><br>Defendants.  : | Civil Action No. 02-4048<br><br>**AMENDED** CLASS ACTION<br>SETTLEMENT NOTICE |

READ THIS AMENDED NOTICE CAREFULLY.  YOUR LEGAL
RIGHTS MAY BE AFFECTED.  YOU HAVE NOT BEEN SUED.

You may be entitled to a benefit under the terms of this proposed settlement.  Read the rest of this Notice to find out more.

You have been sent this Notice because the records available to the parties in the above captioned action indicate that during the period between January 1, 1999 to the present, you originated a loan with GMAC Mortgage Group, Inc. (n/k/a GMAC Mortgage Group, LLC), GMAC Residential Holding Corp. (n/k/a GMAC Residential Holding Company, LLC), or GMAC Mortgage Corporation (n/k/a GMAC Mortgage, LLC) (collectively, "Defendants"). This lawsuit has been brought as a class action. For purposes of settlement, the Court has certified the following class, of which it is believed you may be a member:

> All persons who, between January 1, 1999 and August 31, 2005 inclusive, obtained from Defendants one or more federally related residential mortgage loan(s) through the Broker channel.

In the action, Plaintiff asserts certain fees charged by Defendants were marked up in violation state law and 12 U.S.C. § 2607(b) and its related federal regulations. Plaintiff contends that there were disputed flood service fee payments of $9 for class members whose loans closed between January 1, 1999 and February 28, 2002 and $1 for class members whose loans closed between March 1, 2002 and August 31, 2005.

## Summary of the Proposed Settlement

By settling this lawsuit, Defendants are not admitting that they have done anything wrong. Defendants deny that they violated any state or federal law regarding the claims asserted in this lawsuit, and deny that they have any liability whatsoever to Plaintiff or to the Class.

Under the proposed settlement, Defendants will pay $650,000.00 for payments to class members and for legal fees and expenses.

If you do not exclude yourself from the Class you will automatically receive a check. If the full amount of legal fees and expenses are granted, class members whose loans closed between 1999 and February 28, 2002 inclusive, shall receive a check in the approximate amount of $14.40. Class members whose loans closed between March 1, 2002 and August 31, 2005 inclusive shall receive a check in the approximate amount of $2.00. These amounts exceed the amounts of the alleged markups.

## Counsel's Recommendation

Plaintiff and his counsel believe that the proposed settlement is in the best interests of the class. The Court has given its preliminary approval to the settlement, subject to the hearing discussed below.

## Release of Claims

If the settlement is given final approval by the Court, all claims of the class defined above will be released against all released parties.

The released parties are Defendants, as well as their predecessors and successors in interest and present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, or entities for which any Defendant performs mortgage servicing activities (including, without limitation, any investors, trusts, or other similar entities) ("Releasees").

The claims that will be released are any and all from any causes of action, suits, claims, damages, losses, or demands whatsoever, in law or in equity, known or unknown at this time, suspected or unsuspected, which Plaintiff and the Class now have or ever had, or may in the future have, against the Releasees, under any legal theory, including, but not limited to, all claims under local, state or federal law, including claims for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2601, et seq., fraud, breach of contract or other acts, omissions or claims, and for any general, special, consequential and punitive damages specifically related to such claims, as well as any claims for disgorgement, restitution, injunctive relief, penalties, attorneys' fees and costs of suit in connection with such claims, arising out of the allegations in or subject matter of the Complaint relating to loans issued by Defendants' Broker channel from 1999 through August 2005.

### Attorney's Fees, Expenses And Other Payments

Subject to Court approval, Plaintiffs' Counsel will seek a total of $325,000.00 for attorneys' fees and reimbursement of litigation expenses. These attorneys' fees and litigation expenses will be paid from the Settlement Amount and are intended to compensate Plaintiffs' counsel for their time spent prosecuting this class action, including the risks of nonrecovery, as well as to reimburse Plaintiff's counsel for the expenses incurred in prosecuting this action. Plaintiff may apply for a special payment of up to $500.00 to compensate him for his time and expenses.

Additionally, Defendants have agreed to pay all costs of providing this Notice to class members and the charges of the Class Administrator, BrownGreer PLC.

### Hearing On The Proposed Settlement
### And Your Options With Respect To It

The Court has given its preliminary approval to the proposed settlement. A hearing (the "Settlement Hearing") will be held before the Court at 10:00 a.m. on August 7, 2007 (or such different date and/or time as the Court may, without further notice, direct) to decide whether to give final approval to the settlement, whether to approve the above-described payments to the Plaintiff and his attorneys, and to deal with such other matters as may properly be before the Court at that time. The hearing will take place at United States District Court for the Eastern District of Pennsylvania, 504 Hamilton Street, Allentown, Pennsylvania 18101.

**If you approve of the proposed settlement, you do not need to do anything and you will receive a check.**

If you wish to object to the proposed settlement or any aspect of it, you may appear at the Settlement Hearing and show cause, if you have any, why the settlement should not be approved as fair, reasonable, and adequate, and why attorneys' fees and expenses should not be paid to Plaintiffs' counsel in the amount indicated. However, no person shall be permitted to appear or present any such objection unless, on or before July 24, 2007, such person or his or her counsel shall have filed with the Clerk of the Court and at the same time served upon counsel for Plaintiff and counsel for Defendants a detailed statement of his or her objection along with any supporting papers. If you wish to exclude yourself from the settlement of this action, you must file a request for exclusion with the Clerk of Court on or before July 24, 2007, and at the same time serve copies of your request for exclusion upon counsel for both Plaintiff and Defendants by that date.

For this purpose, the address of the Clerk is:

> United States District Court
> Eastern District of Pennsylvania
> Office of the Clerk of Court
> U.S. Courthouse
> 601 Market Street, Room 2609
> Philadelphia, PA 19106-1797

The address of Plaintiffs' counsel is:

>Barry A. Weprin, Esq.
>Jennifer Young, Esq.
>Milberg Weiss & Bershad LLP[1]
>One Pennsylvania Plaza
>New York, New York 10119
>(212) 594-5300

The address of Defendants' counsel is:

>Robert A. Nicholas
>Louis W. Schack
>Reed Smith LLP
>2500 One Liberty Place
>Philadelphia, Pennsylvania 19103
>(215) 851-8100

Any person who does not make an objection in the time and manner provided above will be forever foreclosed from making any objection to the matters described herein, unless otherwise ordered by the Court. If you have not previously excluded yourself from the litigation, you have the right to enter the appearance of counsel of your own choosing and at your own expense.

### Miscellaneous

The foregoing are necessarily only incomplete summaries of the litigation and the proposed settlement. For more complete information you are invited to review the docket by registering for a PACER account and accessing the PACER system at http://pacer.psc.uscourts.gov.

A copy of the Settlement Agreement can be obtained by writing to the Class Administrator at Santiago v. GMAC Class Administrator at BrownGreer PLC, P.O. Box 85014, Richmond, Virginia 23285, (804) 521-7200.

>EXCEPT AS PROVIDED IN THIS NOTICE, DO NOT
>CONTACT THE CLERK OF THE COURT.

---

[1] On May 18, 2006, a grand jury in the Central District of California returned an indictment against the Milberg Weiss firm and two of its partners. The indictment alleges, among other things, that certain fees awarded to the firm were improperly shared with certain plaintiffs. The indictment contains no allegations relating to this action. Shortly before May 18, the two partners, David Bershad and Steven Schulman, took leaves of absence from the firm. Mr. Schulman has since resigned from the firm. The firm denies all allegations of wrongdoing and is mounting a vigorous defense.