IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS SANTIAGO,<br><br>    Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE GROUP, INC.,<br>GMAC RESIDENTIAL HOLDING<br>CORP., and GMAC MORTGAGE<br>CORPORATION,<br><br>    Defendants. | Civil Action No. 02-4048 |

**STIPULATION OF FACTS REGARDING
CERTIFICATION OF A SETTLEMENT CLASS**

The parties to this action, GMAC Mortgage Group, Inc. (n/k/a GMAC Mortgage Group, LLC), GMAC Residential Holding Corporation (n/k/a GMAC Residential Holding Company, LLC), and GMAC Mortgage Corporation (n/k/a GMAC Mortgage, LLC) ("Defendants") (collectively, "Defendants" or "GMACM"), and Plaintiff Francis Santiago, on behalf of himself and others similarly situated ("Plaintiff") (collectively, "Parties"), jointly submit the following Stipulation of Facts Regarding Settlement Class Certification:

1. Each of the Settlement Class members obtained loans originated through Defendants' Broker channel between January 1, 1999 and August 31, 2005. Each Settlement Class member was generally charged a fee of $20.00 for flood certifications in connection with those loans. Defendants used a third-party vendor for flood certifications.

2. For the 12,651 loans to Settlement Class members closed between January 1, 1999 and February 28, 2002, the third-party vendor generally charged Defendants $11.00 for each flood certification, and Settlement Class members were generally charged a $20.00 flood

certification fee. The amount of the alleged mark-up for these Settlement Class members is $9.00.

3. For the 71,062 loans to Settlement Class members closed between March 1, 2002 and August 31, 2005, the third-party vendor generally charged Defendants $19.00 for each flood certification, and Settlement Class members were generally charged a $20.00 flood certification fee. The amount of the alleged mark-up for these Settlement Class members is $1.00.

4. The Settlement entitles Settlement Class members whose loans closed between January 1, 1999 and February 28, 2002 to $14.40, more than the amount of the alleged mark-up. The settlement entitles Settlement Class members whose loans closed between March 1, 2002 and August 31, 2005 to $2.00, more than the amount of the alleged mark-up.

5. The Settlement Class satisfies the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1). The Settlement Class is comprised of 83,713 members, and joinder of all members is impracticable.

6. The Settlement Class satisfies the commonality requirement of Federal Rule of Civil Procedure 23(a)(2). The following questions of law and fact are common to all members of the Settlement Class:

    a. whether Defendants marked up the costs of third-party flood certifications without providing additional actual, necessary, and distinct services;

    b. whether the fees for obtaining the flood certifications were in excess of the reasonable value of those services;

    c. whether Defendants charged borrowers fees where no, nominal, or duplicative work was performed;

    d. what declaratory or injunctive relief is available to Plaintiff; and,

  e.  whether the elements of the claims for monies had and received and unjust enrichment are satisfied.

7. The Settlement Class satisfies the typicality requirement of Federal Rule of Civil Procedure 23(a)(3). Plaintiff's claim is typical of the claims of the class because his claim relates to alleged markups for flood certifications in violation of RESPA and state law.

8. The Settlement Class satisfies the adequacy of representation requirements of Federal Rule of Civil Procedure 23(a)(4). Plaintiff will adequately represent the interests of the Class because Plaintiff's interests are aligned with the interests of the Class and counsel is capable of handling the claims of the Class.

9. The Settlement Class is maintainable under Federal Rule of Civil Procedure 23(b)(3). Questions of law and fact common to the Settlement Class members predominate over questions affecting only individual members, and the class action is superior to other available methods for the adjudication of this controversy.

10. Milberg Weiss LLP, Lerach Coughlin Stoia Geller Rudmon & Robbins LLP, Packard Packard & Johnson, and The Law Offices of Michael Huber, are appropriate and qualified to serve as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). As described in the Declaration of Jennifer L. Young, filed concurrently herewith, each firm has performed significant work in identifying and investigating the potential claims in the action. Counsel associated with each firm has a wealth of experience in handling class actions, complex litigations, and consumer claims. Counsel associated with each firm is thoroughly familiar with RESPA, consumer lending law, and class action law. Each firm has committtted substantial resources to representing the interests of the Class.

Dated: August 2, 2007

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANTS |
|---|---|
| *[signature]* | *[signature]* |
| Barry Weprin, Esquire | Robert A. Nicholas, Esquire |
| Jennifer L. Young, Esquire | Louis W. Schack, Esquire |
| MILBERG WEISS LLP | Shannon Elise McClure, Esquire |
| One Pennsylvania Plaza | REED SMITH LLP |
| New York, NY 10119 | 2500 One Liberty Place |
| (212) 594-5300 | 1650 Market Street |
| | Philadelphia, PA 19103 |
| | (215) 851-8100 |