## DECLARATION OF ORRAN L. BROWN

Orran L. Brown, being duly sworn, deposes and says:

1. I am the Chairman of BrownGreer, PLC ("BrownGreer"). Pursuant to the Court's Order Preliminarily Approving Class Settlement (the "Preliminary Approval Order") dated April 6, 2007 and the Court's Order granting the Joint Motion to Approve the Amended Class Action Settlement Notice and Explanatory Insert dated May 11, 2007 (the "Order Approving Amended Notice"), BrownGreer was authorized to act as the Claims Administrator in connection with the above-captioned action (the "Litigation"). I have personal knowledge of the facts stated herein.

2. Pursuant to the Preliminary Approval Order and the Order Approving Amended Notice, BrownGreer was responsible for disseminating the Amended Class Notice and Explanatory Insert to potential Class Members. A true and correct copy of each is attached hereto as Exhibit A.

3. On May 11, 2007, 2007, BrownGreer received from GMAC Mortgage Group, Inc. (n/k/a GMAC Mortgage Group, LLC), GMAC Residential Holding Corporation (n/k/a GMAC Residential Holding Company, LLC), and GMAC Mortgage Corporation (n/k/a GMAC Mortgage, LLC) ("Defendants"), the names and last known addresses of 83,713 borrowers who were identified as members of the "Class" as defined in paragraph 9 of the Class Settlement Agreement dated as of January 12, 2007 in this Litigation. BrownGreer entered these 83,713 names and addresses into the BrownGreer database created for this Litigation.

4. On May 11, 2007, BrownGreer caused the names and addresses of these 83,713 class members to be provided to LexisNexis for purposes of updating and confirming addresses. Lexis Nexis matched 62,029 class member addresses and provided updated addresses for 19,897 class member addresses. LexisNexis was unable to confirm the correct address for 1,787 last known addresses provided by GMAC.

5. BrownGreer selected RR Donnelley as its printing and mailing vendor for the Notice mailing. RR Donnelley is a Fortune 500 company and is one of the largest commercial printing and mailing companies in North America. RR Donnelley maintains a service center in Richmond, Virginia. RR Donnelley's portion of this project was managed by Joseph R. Zielinski, Jr., Sales Manager. BrownGreer coordinated all aspects of RR Donnelley's work with Mr. Zielinski and confirmed with him all information about the work performed by RR Donnelley. RR Donnelley printed the 83,713 addresses on envelopes containing the Amended Class Notice and Explanatory Insert and mailed a copy of the Amended Class Notice and Explanatory Insert to the 62,029 matched addresses, the 19,897 updated addresses, and the 1,787 last known addresses provided by GMAC. The Class Notices and Explanatory Inserts for all class members were mailed by first-class mail deposited with the United States Postal Service on May 18, 2007.

6. In addition, 41 copies of the Class Notices and Explanatory Inserts were then remailed to updated addresses provided to BrownGreer by the United States Postal Service within 3 business days of receipt of the updated address.

7. BrownGreer has received a total of 37 calls relating to the settlement of this Litigation. There are 24 class members that left messages and/or requests to speak with BrownGreer administrators for assistance, all of which were responded to in a timely manner.

8. As set forth in the Amended Class Notice and approved by the Order Approving Amended Notice, class members were required to make all requests for exclusion from the Class and objections to the settlement in writing and mailed so they are received no later than July 24, 2007 by the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania. Class members were also instructed by the Amended Class Notice to serve copies of any request for exclusion upon counsel for Plaintiffs at the following address: Barry A. Weprin, Esq., Jennifer Young, Esq., Milberg Weiss LLP, One Pennsylvania Plaza, New York,

New York 10119. Class members were also instructed by the Amended Class Notice to serve copies of any request for exclusion upon counsel for Defendants at the following address: Robert A. Nicholas, Louis W. Schack, Reed Smith LLP, 2500 One Liberty Place, Philadelphia, Pennsylvania 19103. Barry A. Weprin, Jennifer Young, Robert A. Nicholas, and Louis W. Schack have all advised me that all requests for exclusion and objections to the settlement have been forwarded to BrownGreer to the email addresses for Orran Brown (obrown@browngreer.com) and Frank Trani (ftrani@browngreer.com), the administrators at BrownGreer responsible for handling the administration of the settlement of this Litigation.

9. BrownGreer has monitored all mail that has been delivered to it from the post office and all emails delivered to the email addresses for Orran Brown and Frank Trani.

10. To date, BrownGreer has received ten requests for exclusion from class members, all of which were dated or received before July 24, 2007. A list providing the names of all class members requesting exclusion is attached as Exhibit B.

11. To date, no objections to the settlement have been received by BrownGreer. Milberg Weiss and Reed Smith have reported to me that they have received no objections to the settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant 28 U.S.C. § 1746.

DATED this 2nd day of August, 2007.

_____
Orran L. Brown

## **ATTENTION CLASS MEMBERS**

Enclosed is a court-approved Amended Class Action Settlement Notice regarding a Class Action Settlement reached in *Santiago v. GMAC Mortgage Group, Inc., et al.* This amended notice affects you because you have been identified as a Class Member.

A similar notice was previously mailed to you and other class members, but because of a data error, some notices were addressed to Class Members at the wrong address.

To ensure that you and all other Class Members receive notice as required by the Settlement Agreement, the parties have mailed the enclosed amended notice to all Class Members at their most recent addresses.

You may disregard any previous notice that you received.

You should read the enclosed Amended Class Action Settlement Notice carefully.

## AMENDED NOTICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS SANTIAGO, : | |
| : | |
| Plaintiff, : | Civil Action No. 02-4048 |
| : | |
| v. : | |
| : | **AMENDED** CLASS ACTION |
| GMAC MORTGAGE GROUP, INC., : | SETTLEMENT NOTICE |
| GMAC RESIDENTIAL HOLDING : | |
| CORP., and GMAC MORTGAGE : | |
| CORPORATION, : | |
| : | |
| Defendants. : | |

READ THIS AMENDED NOTICE CAREFULLY. YOUR LEGAL
RIGHTS MAY BE AFFECTED. YOU HAVE NOT BEEN SUED.

You may be entitled to a benefit under the terms of this proposed settlement. Read the rest of this Notice to find out more.

You have been sent this Notice because the records available to the parties in the above captioned action indicate that during the period between January 1, 1999 to the present, you originated a loan with GMAC Mortgage Group, Inc. (n/k/a GMAC Mortgage Group, LLC), GMAC Residential Holding Corp. (n/k/a GMAC Residential Holding Company, LLC), or GMAC Mortgage Corporation (n/k/a GMAC Mortgage, LLC) (collectively, "Defendants"). This lawsuit has been brought as a class action. For purposes of settlement, the Court has certified the following class, of which it is believed you may be a member:

> All persons who, between January 1, 1999 and August 31, 2005 inclusive, obtained from Defendants one or more federally related residential mortgage loan(s) through the Broker channel.

In the action, Plaintiff asserts certain fees charged by Defendants were marked up in violation state law and 12 U.S.C. § 2607(b) and its related federal regulations. Plaintiff contends that there were disputed flood service fee payments of $9 for class members whose loans closed between January 1, 1999 and February 28, 2002 and $1 for class members whose loans closed between March 1, 2002 and August 31, 2005.

### Summary of the Proposed Settlement

By settling this lawsuit, Defendants are not admitting that they have done anything wrong. Defendants deny that they violated any state or federal law regarding the claims asserted in this lawsuit, and deny that they have any liability whatsoever to Plaintiff or to the Class.

Under the proposed settlement, Defendants will pay $650,000.00 for payments to class members and for legal fees and expenses.

If you do not exclude yourself from the Class you will automatically receive a check. If the full amount of legal fees and expenses are granted, class members whose loans closed between 1999 and February 28, 2002 inclusive, shall receive a check in the approximate amount of $14.40. Class members whose loans closed between March 1, 2002 and August 31, 2005 inclusive shall receive a check in the approximate amount of $2.00. These amounts exceed the amounts of the alleged markups.

### Counsel's Recommendation

Plaintiff and his counsel believe that the proposed settlement is in the best interests of the class. The Court has given its preliminary approval to the settlement, subject to the hearing discussed below.

### Release of Claims

If the settlement is given final approval by the Court, all claims of the class defined above will be released against all released parties.

The released parties are Defendants, as well as their predecessors and successors in interest and present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, or entities for which any Defendant performs mortgage servicing activities (including, without limitation, any investors, trusts, or other similar entities) ("Releasees").

The claims that will be released are any and all from any causes of action, suits, claims, damages, losses, or demands whatsoever, in law or in equity, known or unknown at this time, suspected or unsuspected, which Plaintiff and the Class now have or ever had, or may in the future have, against the Releasees, under any legal theory, including, but not limited to, all claims under local, state or federal law, including claims for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2601, *et seq.*, fraud, breach of contract or other acts, omissions or claims, and for any general, special, consequential and punitive damages specifically related to such claims, as well as any claims for disgorgement, restitution, injunctive relief, penalties, attorneys' fees and costs of suit in connection with such claims, arising out of the allegations in or subject matter of the Complaint relating to loans issued by Defendants' Broker channel from 1999 through August 2005.

### Attorney's Fees, Expenses And Other Payments

Subject to Court approval, Plaintiffs' Counsel will seek a total of $325,000.00 for attorneys' fees and reimbursement of litigation expenses. These attorneys' fees and litigation expenses will be paid from the Settlement Amount and are intended to compensate Plaintiffs' counsel for their time spent prosecuting this class action, including the risks of nonrecovery, as well as to reimburse Plaintiff's counsel for the expenses incurred in prosecuting this action. Plaintiff may apply for a special payment of up to $500.00 to compensate him for his time and expenses.

Additionally, Defendants have agreed to pay all costs of providing this Notice to class members and the charges of the Class Administrator, BrownGreer PLC.

### Hearing On The Proposed Settlement
### And Your Options With Respect To It

The Court has given its preliminary approval to the proposed settlement. A hearing (the "Settlement Hearing") will be held before the Court at 10:00 a.m. on August 7, 2007 (or such different date and/or time as the Court may, without further notice, direct) to decide whether to give final approval to the settlement, whether to approve the above-described payments to the Plaintiff and his attorneys, and to deal with such other matters as may properly be before the Court at that time. The hearing will take place at United States District Court for the Eastern District of Pennsylvania, 504 Hamilton Street, Allentown, Pennsylvania 18101.

**If you approve of the proposed settlement, you do not need to do anything and you will receive a check.**

If you wish to object to the proposed settlement or any aspect of it, you may appear at the Settlement Hearing and show cause, if you have any, why the settlement should not be approved as fair, reasonable, and adequate, and why attorneys' fees and expenses should not be paid to Plaintiffs' counsel in the amount indicated. However, no person shall be permitted to appear or present any such objection unless, on or before July 24, 2007, such person or his or her counsel shall have filed with the Clerk of the Court and at the same time served upon counsel for Plaintiff and counsel for Defendants a detailed statement of his or her objection along with any supporting papers. If you wish to exclude yourself from the settlement of this action, you must file a request for exclusion with the Clerk of Court on or before July 24, 2007, and at the same time serve copies of your request for exclusion upon counsel for both Plaintiff and Defendants by that date.

For this purpose, the address of the Clerk is:

> United States District Court
> Eastern District of Pennsylvania
> Office of the Clerk of Court
> U.S. Courthouse
> 601 Market Street, Room 2609
> Philadelphia, PA 19106-1797

The address of Plaintiffs' counsel is:

>Barry A. Weprin, Esq.
>Jennifer Young, Esq.
>Milberg Weiss & Bershad LLP[1]
>One Pennsylvania Plaza
>New York, New York 10119
>(212) 594-5300

The address of Defendants' counsel is:

>Robert A. Nicholas
>Louis W. Schack
>Reed Smith LLP
>2500 One Liberty Place
>Philadelphia, Pennsylvania 19103
>(215) 851-8100

Any person who does not make an objection in the time and manner provided above will be forever foreclosed from making any objection to the matters described herein, unless otherwise ordered by the Court. If you have not previously excluded yourself from the litigation, you have the right to enter the appearance of counsel of your own choosing and at your own expense.

## Miscellaneous

The foregoing are necessarily only incomplete summaries of the litigation and the proposed settlement. For more complete information you are invited to review the docket by registering for a PACER account and accessing the PACER system at http://pacer.psc.uscourts.gov.

A copy of the Settlement Agreement can be obtained by writing to the Class Administrator at Santiago v. GMAC Class Administrator at BrownGreer PLC, P.O. Box 85014, Richmond, Virginia 23285, (804) 521-7200.

EXCEPT AS PROVIDED IN THIS NOTICE, DO NOT
CONTACT THE CLERK OF THE COURT.

---

[1] On May 18, 2006, a grand jury in the Central District of California returned an indictment against the Milberg Weiss firm and two of its partners. The indictment alleges, among other things, that certain fees awarded to the firm were improperly shared with certain plaintiffs. The indictment contains no allegations relating to this action. Shortly before May 18, the two partners, David Bershad and Steven Schulman, took leaves of absence from the firm. Mr. Schulman has since resigned from the firm. The firm denies all allegations of wrongdoing and is mounting a vigorous defense.

**EXHIBIT B TO DECLARATION OF ORRAN L. BROWN - LIST OF CLASS MEMBERS THAT HAVE SUBMITTED REQUEST FOR EXCLUSION**

1. Edwards, Bruce
2. Gerlach, John
3. Guan, Mingxu
4. Hendricks, Victoria
5. Hurley, JoAnna
6. Jenness, Corey
7. Middleton, Akira
8. Munro, Thomas
9. Nyein, Urania
10. Williams, Carol