IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS SANTIAGO,<br><br>       Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE GROUP, INC., GMAC RESIDENTIAL HOLDING CORP., and GMAC MORTGAGE CORPORATION,<br><br>       Defendants. | Civil Action No. 02-4048 |

**DECLARATION OF JEFFREY W. GOLAN IN SUPPORT
OF MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT
OF EXPENSES ON BEHALF OF BARRACK, RODOS & BACINE**

I, Jeffrey W. Golan, declare as follows:

1. I am an attorney and a member of the law firm of Barrack, Rodos & Bacine, 3300 Two Commerce Square, 2001 Market Street, Philadelphia, Pennsylvania 19103. I am submitting this Declaration in support of Plaintiff's Counsel's application for an award of attorneys' fees from the settlement achieved for the Settlement Class in the above-captioned litigation, as well as the reimbursement of expenses reasonably incurred by my firm in connection with this litigation.

2. I am an attorney in good standing and duly licensed and admitted to the bars of the Commonwealth of Pennsylvania and of this Court. The testimony set forth in this Declaration is based on my first-hand knowledge and/or an examination of my firm's files.

2

3. My firm's compensation for the services rendered on behalf of the Class is wholly contingent. Any fees and reimbursement of expenses will be limited to such amounts as approved by this Court.

4. My firm acted as the Pennsylvania counsel for the Plaintiff and all out-of-State counsel for Plaintiff in this class action. In serving as one of the Plaintiff's Counsel, my firm participated in activities resulting in the proposed settlement. These activities include assisting in the filing of an initial complaint, including reviewing and providing comments on the complaint; assisting in briefing and conducting legal research in support of Plaintiff's opposition to Defendants' motion to dismiss; preparing for and participating in initial case management conferences and the formulation of a discovery plan; assisting in the preparation of discovery requests; assisting in the litigation of this matter on appeal; assisting in the preparation of pre-conference submissions and attending Court conferences; reviewing discovery; participating in a continuing investigation of the claims and theories at issue; participating in the development of mediation strategies and formulating damage theories; drafting correspondence; preparing for and participating in certain mediation proceedings; consulting with co-counsel on settlement strategies and objectives; reviewing and providing assistance on settlement documents; assisting in the preparation of the motions for preliminary approval of the settlement; and, among other things, providing services to out-of-State attorneys as local counsel for Plaintiff.

5. The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by the partners, attorneys, and professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm. The

schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. No time expended in connection with preparing this application for fees and reimbursement of expenses has been included in this request.

The hourly rates for the partners, attorneys, and professional support staff in my firm included in Exhibit 1 are the regular rates charged for their services in similar litigation such as this one.

6. The total number of hours expended on this litigation by my firm is 36.25 hours. The total lodestar for my firm is $19,655.00.

7. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

8. As detailed in Exhibit 2, my firm has incurred a total of $1,634.41 in unreimbursed expenses reasonably incurred in connection with the prosecution of this litigation.

9. The expenses incurred in this action by my firm are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate recordation of the expenses incurred.

10. With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is a brief biography of my firm and attorneys in my firm who were principally involved in this litigation.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

Executed this 13th day of July, 2007, at Philadelphia, Pennsylvania.

_____
Jeffrey W. Golan

## EXHIBIT 1

### Santiago v. GMAC Mortgage Group, Inc., et al., 02-4048

### Barrack, Rodos & Bacine
### TIME REPORT

| Name | Total Hours | Hourly Rates | Total Lodestar |
|---|---|---|---|
| **Partners:** | | | |
| Leonard Barrack | 2.75 | $675.00 | $1,856.25 |
| Daniel E. Bacine | 5.50 | $650.00 | $3,575.00 |
| Jeffrey W. Golan | 23.50 | $570.00 | $13,395.00 |
| **Associates:** | | | |
| Chad A. Carder | 0.25 | $340.00 | $85.00 |
| **Paralegals:** | | | |
| Joseph J. Morrison | 4.25 | $175.00 | $743.75 |
| **Totals:** | 36.25 | | $19,655.00 |

# EXHIBIT 2

## Santiago v. GMAC Mortgage Group, Inc., et al., 02-4048

### Barrack, Rodos & Bacine

### Unreimbursed Expenses -- Inception though June 2007

| Description | Total |
|---|---|
| Legal Research | |
| Meals, Hotels & Transportation | $24.00 |
| Filing/Witness Fee(s) | $150.00 |
| Photocopies/Reproduction | $718.50 |
| Telephone & Facsimile Charges | $485.35 |
| Mailing, Postage, Courier/Express Service | $256.56 |
| Court Reporters/Transcripts | |
| **TOTAL EXPENSES:** | **$1,634.41** |

# EXHIBIT 3
## BIOGRAPHY OF BARRACK, RODOS & BACINE

*Barrack, Rodos & Bacine* is extensively involved in complex class action litigation, including securities, antitrust and RICO matters, representing both plaintiffs and defendants. The Firm has significant leadership positions in complex litigation, having been appointed by courts as lead counsel in numerous class actions throughout the United States, including those brought pursuant to the provisions of the Private Securities Litigation Reform Act.

Among the many securities law, derivative and fiduciary duty cases where the Firm has been appointed lead counsel are the following:

*In re WorldCom, Inc. Securities Litigation*, Master File No. 02-Civ-3288 (DLC), the Honorable Denise L. Cote in the Southern District of New York;

*In re Cendant Corporation Litigation*, Master File No. 98-1664 (WHW), the Honorable William H. Walls in the District of New Jersey;

*In re McKesson HBOC, Inc. Securities Litigation*, No. C-99-20743-RMW, the Honorable Ronald M. Whyte in the Northern District of California;

*In re The Mills Corporation Securities Litigation*, Civil Action No. 1:06-77 (GBL), the Honorable Gerald Bruce Lee in the Eastern District of Virginia;

*In re R & G Financial Corp. Securities Litigation*, No. 05 cv 4186, the Honorable John E. Sprizzo in the Southern District of New York;

*In re Bridgestone Securities Litigation*, Master File No. 3:01-0017, the Honorable Robert L. Echols in the Middle District of Tennessee;

*In re Daimler Chrysler Securities Litigation*, No. 00-0993, the Honorable Joseph J. Farnan, Jr. in the District of Delaware;

*In re Schering-Plough Securities Litigation*, Master File No. 01-CV-0829 (KSH/RJH), the Honorable Katherine Hayden in the District of New Jersey;

*In re Apollo Group, Inc. Securities Litigation*, Master File No. CV 04-2147-PHX-JAT, the Honorable James A. Teilborg in the District of Arizona;

*In re Chiron Corporation Derivative Litigation*, Case No. RG04180801, the Honorable Ronald M. Sabraw in the California Superior Court for Alameda County;

*In re AOL Time Warner Shareholder Derivative Litigation*, Master File No. 02-CV-6302 (SWK), the Honorable Shirley Wohl Kram in the Southern District of New York;

*In re Apple Computer, Inc., Derivative Litigation*, Lead Case No. 1:06CV066692, the Honorable Joseph H. Huber in the Superior Court of the State of California, County of Santa Clara;

*In re Computer Sciences Corporation Derivative Litigation*, Lead Case No.: 06-CV-5288 MRP (Ex), the Honorable Mariana R. Pfaelzer in the Central District of California;

*Dennis Rice v. Lafarge North America, Inc., et al.*, Civil No. 268974-V, the Honorable Michael D. Mason in the Circuit Court for Montgomery County, Maryland;

*In re Monster Worldwide, Inc.*, Master Docket No. 1:06-cv-04622, the Honorable Naomi Reice Buchwald in the Southern District of New York;

*In re Quest Software, Inc. Derivative Litigation*, Lead Case No. 06-cv-751 Doc(Rnbx), the Honorable David O. Carter in the Central District Of California, Southern Division;

*In re Verisign, Inc. Derivative Litigation*, Master File No.: C-06-4165-PJH, the Honorable Phyllis J. Hamilton in the Northern District of California;

*In re Seibel Systems, Inc. Securities Litigation*, Master File No. 3:04-cv-00983-CRB, the Honorable Charles R. Breyer in the Northern District of California;

*In re Sunbeam Securities Litigation*, No. 98-8258-CIV-MIDDLEBROOKS, the Honorable Donald M. Middlebrooks in the Southern District of Florida;

*In re Applied Micro Circuits Corp. Securities Litigation*, No. 01-CV-0649-K (AJB) the Honorable Judith N. Keep in the Southern District of California;

*Jason Stanley, et al. v. Safeskin Corporation, et al.*, Lead Case No.: 99cv0454-BTM (LSP) the Honorable Barry Ted Moskowitz in the Southern District of California;

*In re Hi/Fn, Inc. Securities Litigation*, Master File No. C-99-4531-SI, the Honorable Susan Illston in the Northern District of California;

*In re Theragenics Corp. Securities Litigation*, No. 1:99-CV-0141 (TWT) the Honorable Thomas W. Thrash in the Northern District of Georgia, Atlanta Division;

*Bell, et al. v. Fore Systems, Inc., et al.*, Civil Action No. 97-1265, the Honorable Robert J. Cindrich in the Western District of Pennsylvania;

*In re Envoy Corp. Securities Litigation*, Civil Action No. 3-98-00760, the Honorable John T. Nixon in the Middle District of Tennessee, Nashville Division;

*In re Paradyne Networks, Inc. Securities Litigation*, Case No. 8:00-CV-2057-T-17E, the Honorable Elizabeth A. Kovachevich in the Middle District of Florida, Tampa Division;

*In re Ford Motor Co. Securities Litigation*, No. 00-74233, the Honorable Avern Cohn in the Eastern District of Michigan, Southern Division;

*Smith v. Harmonic, Inc., et al.*, No. C-00-2287 PJH, the Honorable Phyllis J. Hamilton in the Northern District of California;

*Smith, et al. v. Electronics For Imaging, Inc., et al.*, No. C-97-4739-CAL, the Honorable Charles A. Legge in the Northern District of California; and

*Allan Zishka, et al. vs. American Pad & Paper Company, et al.*, Civil Action No. 3:98-CV-0660-D, the Honorable Sidney A. Fitzwater in the Northern District of Texas, Dallas Division.

The firm has also been appointed lead counsel or to the leadership group in many antitrust law class action cases including:

*In re Automotive Paint Refinishing Antitrust Litigation*, MDL No. 1426, the Honorable R. Barclay Surrick in the Eastern District of Pennsylvania;

*In re Publication Paper Antitrust Litigation*, Docket No. 3:04 MD 1631 (SRU), the Honorable Stefan R. Underhill in the District of Connecticut;

*In re Flat Glass Antitrust Litigation*, Master Docket Misc. No. 970550, MDL No. 1200, the Honorable Donald E. Ziegler in the Western District of Pennsylvania;

*Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives and Composites, Inc., et al.*, No. CV-99-07796-GHK(Ctx), the Honorable Florence Marie Cooper in the Central District of California, Western Division;

*Brookshire Brothers, Ltd., et al. v. Chiquita Brands International, Inc., et al.*, Lead Case No. 05-21962-Cooke/Brown, the Honorable Marcia G. Cooke in the Southern District of Florida, Miami Division;

*In re Citric Acid Antitrust Litigation*, Master File No. 95-2963, the Honorable Charles A. Legge in the Northern District of California;

*In re Graphite Electrodes Antitrust Litigation*, Master File No. 97-CV-4182 (CRW), the Honorable Charles R. Weiner in the Eastern District of Pennsylvania;

*In re Sorbates Antitrust Litigation*, Master File No. C 98-4886 MCC, the Honorable William H. Orrick, Jr. in the Northern District of California;

The Firm has extensive experience in trying to a jury nationwide class actions: *In re WorldCom, Inc. Securities Litigation*, Master File No. 02-Civ-3288 (DLC) (Southern District of New York) (2005 jury trial against accounting firm Arthur Andersen); *Gutierrez v. Charles J. Givens Organization, et al.*, Case No. 667169 (Superior Court of California, County of San Diego), (jury verdict in excess of $14 million for plaintiff consumer class); *In re Control Data Corporation Securities Litigation*, 933 F.2d 616 (8th Cir. 1991); *Gould v. Marlon*, CV-86-968-LDG (D. Nev.) (jury verdict for plaintiff class); *Herskowitz v. Nutri/System, et al.*, 857 F.2d 179 (3rd Cir. 1988); and *Betanzos v. Huntsinger*, CV-82-5383 RMT (C.D. Cal.) (jury verdict for plaintiff class).

**Leonard Barrack**, senior partner in Barrack, Rodos & Bacine, is a graduate of Temple University Law School (J.D. 1968) where he was Editor in Chief of the Temple Law Reporter. Mr. Barrack has been practicing in the area of securities class and derivative actions, and corporate litigation generally, for 35 years, during which time he has analyzed laws and provided advice on issues relevant to pension fund boards of trustees. He was admitted to the bar of the Supreme Court of Pennsylvania in 1969, and is also a member of the bars of the U.S. Supreme Court, the U.S. Court of Appeals for the Third Circuit, the U.S. District Court for the Eastern District of Pennsylvania, and other federal circuit courts.

Mr. Barrack was appointed co-lead counsel in *In re WorldCom, Inc. Securities Litigation*, before the Honorable Denise L. Cote in the Southern District of New

4

York. As counsel in *WorldCom*, Mr. Barrack was responsible for guiding both the vigorously prosecuted litigation – including the four-week trial against Arthur Andersen – as well as negotiating the ground-breaking settlements totaling more than $6.13 billion with WorldCom's underwriters, its outside directors, and Arthur Andersen, in the midst of trial. He was also co-lead counsel in *In re Cendant Corporation Litigation*, before the Honorable William H. Walls in the District of New Jersey, at $3.1 billion, the third largest securities class action settlement in history; *In re McKesson HBOC, Inc. Securities Litigation*, pending before the Honorable Ronald M. Whyte in the Northern District of California, which has partially settled for $960 million and is still pending against the company's outside auditor and its investment banker; *In re Sunbeam Securities Litigation*, before the Honorable Donald M. Middlebrooks in the Southern District of Florida, among many others.

      Mr. Barrack has had extensive trial and deposition experience in complex actions including the successful trial of derivative lawsuits under Section 14(a) of the Securities Exchange Act of 1934; *Gladwin v. Medfield*, CCH Fed. Sec. L. Rep. ¶95,012 (M.D. Fla. 1975), *aff'd*, 540 F.2d 1266 (5th Cir. 1976); *Rafal v. Geneen*, CCH Fed. Sec. L. Rep. ¶93,505 (E.D. Pa. 1972). In addition, Mr. Barrack has lectured on class actions to sections of the American and Pennsylvania Bar Association and is the author of Developments in Class Actions, The Review of Securities Regulations, Volume 10, No. 1 (January 6, 1977); Securities Litigation, Public Interest Practice and Fee Awards, Practicing Law Institute (March, 1980).

      *Gerald J. Rodos*, partner in Barrack, Rodos & Bacine, is a graduate of Boston University (B.A. 1967) and an honor graduate of the University of Michigan Law School (J.D. Cum Laude 1970). Mr. Rodos has been practicing in the area of securities class and derivative actions, and corporate litigation generally, for 33 years, during which time he has analyzed laws and provided advice on issues relevant to pension fund boards of trustees. He was admitted to the bar of the Supreme Court of Pennsylvania in 1971, and is also a member of the bars of the Supreme Court of the

United States, the U.S. Court of Appeals for the Third Circuit, the U.S. District Court for the Eastern District of Pennsylvania, and other federal circuit courts.

Mr. Rodos has been appointed lead counsel, *inter alia*, in *Payne, et al. v. MicroWarehouse, Inc., et al.*, before the Honorable Dominic J. Squatrito in the District of Connecticut; *In re Sunbeam Securities Litigation*, pending before the Honorable Donald M. Middlebrooks in the Southern District of Florida; *In re Regal Communications Securities Litigation*, before the Honorable James T. Giles in the Eastern District of Pennsylvania; *In re Midlantic Corp. Shareholders Securities Litigation*, before the Honorable Dickinson R. Debevoise in the District of New Jersey; and *In re Craftmatic Securities Litigation*, before the Honorable Joseph L. McGlynn, Jr. in the Eastern District of Pennsylvania, among many others. Mr. Rodos also represents lead plaintiff in the *WorldCom* litigation.

Mr. Rodos is the co-author of Standing To Sue Of Subsequent Purchasers For Antitrust Violations -- The Pass-On Issue Re-Evaluated, 20 S.D.L. Rev. 107 (1975), and Judicial Implication of Private Causes of Action; Reappraisal and Retrenchment, 80 Dick. L. Rev. 167 (1976).

***Daniel E. Bacine***, partner in Barrack, Rodos & Bacine, is a graduate of Temple University (B.S. 1967) and of Villanova University School of Law (J.D. 1971), where he was an Associate Editor of the Law Review and a member of the Order of the Coif. Mr. Bacine has been practicing in the area of securities class and derivative actions, and corporate litigation generally, for 31 years, during which time he has analyzed laws and provided advice on issues relevant to pension fund boards of trustees. He was admitted to the bar of the Supreme Court of Pennsylvania in 1971, and is also a member of the bars of the U.S. Court of Appeals for the Third Circuit and the U.S. District Court for the Eastern District of Pennsylvania.

Mr. Bacine is an experienced civil litigator in both the federal and state courts, having tried jury and non-jury securities and other commercial cases, including cases involving disputes between securities brokerage firms and their customers. He has been lead or co-lead counsel in various class actions, including, *inter alia*, *In re*

*American Travellers Corp. Securities Litigation*, in the Eastern District of Pennsylvania; *Kirschner v. CableTel Corp.*, in the Eastern District of Pennsylvania; *Lewis v. Goldsmith*, in the District of New Jersey; *Crandall v. Alderfer* (Old Guard Demutualization Litigation), in the Eastern District of Pennsylvania; and Rieff v. Evans (Allied Mutual Demutualization Litigation) in the District Court of Polk County, Iowa.

**Chad A. Carder** is a 1999 honors graduate of The Ohio State University (B.A. Political Science) and a 2002 graduate of the College of William and Mary, Marshall-Wythe School of Law, where he was awarded a Graduate Research Fellowship and served as a Justice on the William and Mary Moot Court Board. Before joining the firm's Philadelphia office, Mr. Carder served as the law clerk to the Honorable Michael J. Hogan of the New Jersey Superior Court.

Since joining Barrack, Rodos & Bacine, Mr. Carder has litigated major securities class actions across the country, including his service as a member of the highly successful litigation team in *In re WorldCom, Inc. Securities Litigation*, Master File No. 02-Civ-3288 (DLC), before the Honorable Denise L. Cote in the Southern District of New York. He is currently a member of the litigation team in *In re The Mills Corporation Securities Litigation*, Civil Action No. 1:06-cv-00077 (GBL/TRJ), before the Honorable Gerald Bruce Lee in the Eastern District of Virginia. Mr. Carder's complex civil litigation practice also includes the litigation of several antitrust class actions, shareholder derivative actions in various state and federal courts, including those arising out of instances of improper stock option backdating, and policyholder actions against insurance companies.

**Jeffrey W. Golan**, partner in Barrack, Rodos & Bacine, is an honors graduate of Harvard College (A.B. 1976) and the Georgetown University Law Center (J.D. 1980). Mr. Golan served in 1980-1981 as the law clerk to Judge Edwin D. Steel, III, of the United States District Court in the District of Delaware. He has been practicing in the area of securities class and derivative actions, and corporate litigation generally, for 20 years, during which time he has analyzed laws and provided advice on issues relevant to pension fund boards of trustees. He was admitted to the bar of the Supreme

7

Court of Pennsylvania in 1981, and is also a member of the bars of the U.S. Court of Appeals for the Third Circuit, the U.S. District Court for the Eastern District of Pennsylvania, and other federal circuit courts.

Mr. Golan is an experienced civil litigator in both the federal and state courts representing plaintiffs and defendants in, *inter alia*, securities, antitrust and class action lawsuits. Mr. Golan was one of the principal attorneys responsible for litigating *In re WorldCom, Inc. Securities Litigation*, Master File No. 02 Civ. 3288 (DLC), before the Honorable Denise L. Cote in the Southern District of New York, with hands-on responsibility for the vigorously-prosecuted litigation (resulting in the historic $6.1 billion settlement) – including the four-week trial against Arthur Andersen. Mr. Golan also took leading roles in the prosecution of *In re Cendant Corporation Litigation*, before the Honorable William H. Walls in the District of New Jersey, the third largest securities class action settlement in history; and of *In re DaimlerChrysler Securities Litigation*, before the Honorable Joseph Farnan in the District of Delaware.

In August 2003, Mr. Golan was also the lead attorney for the firm in a trial of an action in the Delaware Chancery Court, *Equity Asset Investment Trust, et al. v. John G. Daugman, et al.*, C.A. No. 20395, in which the firm represented Iridian Technologies, Inc. (the world leader in iris recognition technologies) and its common shareholder-elected directors. The case was brought against Iridian and its common directors on June 30, 2003, and was prepared for trial within two months.

Mr. Golan further regularly advises pension fund boards and executives on securities litigation and corporate governance issues.


In ***In re WorldCom, Inc. Securities Litigation***, No. 02 Civ. 3288 (DLC), Barrack, Rodos & Bacine was co-lead counsel for the Class and achieved settlements in excess of $6.13 billion. After a partial settlement with one group of defendants for in excess of $2.56 billion, the Court stated that *"the settlement amount ... is so large that it is of historic proportions."* The Court found that *"Lead Counsel has performed its work at every juncture with integrity and competence. It has worked as hard as a*

8

*litigation of this importance demands, which for some of the attorneys, including the senior attorneys from Lead Counsel on whose shoulders the principal responsibility for this litigation rests, has meant an onerous work schedule for over two years."* The Court further found that *"the quality of the representation given by Lead Counsel is unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation. Lead Counsel has been energetic and creative. Its skill has matched that of able and well-funded defense counsel. It has behaved professionally and has taken care not to burden the Court or other parties with needless disputes. Its negotiations with the Citigroup Defendants have resulted in a settlement of historic proportions. It has cooperated with other counsel in ways that redound to the benefit of the class and those investors who have opted out of the class. The submissions of Lead Counsel to the Court have been written with care and have repeatedly been of great assistance."* The Court also found that *"In sum, the quality of representation that Lead Counsel has provided to the class has been superb"*. In approving the final settlements totaling $3.5 billion, in an opinion and order dated September 20, 2005, the Court stated *"The impressive extent and superior quality of Lead Counsel's efforts as of May 2004 were described in detail in the Opinion approving the Citigroup Settlement. ... At the conclusion of this litigation, more than ever, it remains true that 'the quality of representation that Lead Counsel has provided to the class has been superb.' ... At trial against Andersen, the quality of Lead Counsel's representation remained first-rate. .. The size of the recovery achieved for the class – which has been praised even by several objectors – could not have been achieved without the unwavering commitment of Lead Counsel to this litigation."*

The Court also found that *"Despite the existence of these risks, Lead Counsel obtained remarkable settlements for the Class while facing formidable opposing counsel from some of the best defense firms in the country;"* and *"If the Lead Plaintiff had been represented by less tenacious and competent counsel, it is by no means clear that it would have achieved the success it did here on behalf of the Class."*

9

*"It is only the size of the Citigroup and Underwriters' Settlements that make this recovery so historic, and it is likely that less able plaintiffs' counsel would have achieved far less."*

In *In re Cendant Corporation Litigation,* No. 98-CV-1664 (WHW) (D.N.J. December 7, 1999), Barrack, Rodos & Bacine was co-lead counsel for the Class and achieved settlements with defendants in excess of **$3.18 billion**, more than three times larger than the next highest recovery ever achieved in a securities law class action suit by that time. The Court stated that *"we have all been favored with counsel of the highest competence and integrity and fortunately savvy in the ways of the law and the market."* The Court found that the *"standing, experience and expertise of counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposed counsel were and are high in this action."* The Court further found that the result of lead counsel's efforts were *"excellent settlements of uncommon amount engineered by highly skilled counsel with reasonable cost to the class."*

In *Payne v. Micro Warehouse, Inc.,* No. 3:96CV1920(DJS) (D. Conn. Sept. 30, 1999), where Barrack, Rodos & Bacine was co-lead counsel for the shareholder class, the Court noted *"the exceptional results achieved by plaintiffs' counsel,"* who *"were required to develop and litigate this complex case solely through their own efforts,"* and concluded that *"the benefit conveyed to the class plaintiffs amply supports the conclusion that the plaintiffs' counsels' work was exceptional."*

10