JKG

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS SANTIAGO, | : |
| Plaintiff, | : Civil Action No. 02-4048 |
| v. | : |
| GMAC MORTGAGE GROUP, INC., GMAC RESIDENTIAL HOLDING CORP., and GMAC MORTGAGE CORPORATION, | : |
| Defendants. | : |

FILED
AUG - 7 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

**AND NOW**, this 7th day of August, 2007, this matter has come before the court upon the Joint Motion for Final Approval of the Proposed Settlement, Certification of the Settlement Class, and Approval of the Proposed Plan of Allocation by Plaintiff Francis Santiago ("Plaintiff") and Defendants GMAC Mortgage Group, Inc. (n/k/a GMAC Mortgage Group, LLC), GMAC Residential Holding Corporation (n/k/a GMAC Residential Holding Company, LLC), and GMAC Mortgage Corporation ("Defendants") and Plaintiff's Counsel's Motion for an Award of Attorney's Fees and Reimbursement of Expenses. The parties also seek dismissal of this action pursuant to the terms of the Class Settlement Agreement ("Settlement Agreement"). On August 7, 2007, the Court held a fairness hearing to which Settlement Class Members, including any with objections, were invited. The Court, being fully advised of the premises, hereby **ORDERS** that the motions are **GRANTED** and **FINDS THAT**:

1. Plaintiff Francis Santiago ("Plaintiff") and Defendants GMAC Mortgage Group, Inc. (n/k/a GMAC Mortgage Group, LLC), GMAC Residential Holding Corporation (n/k/a

[handwritten notes at bottom, partially illegible:]
8-7-07 copies e-mailed to: D. Bacine, J. Golan, J. Shields, L. Scheck, R. Nicholas, S. McClure
Faxed to: B. Weprin
mailed to: T. Blood, S. Greenwood, M. Spencer, M. Weinberg, L. Packard, K. Toth, J. Young, H. Zeldes, G. Hale, C. Johnson

GMAC Residential Holding Company, LLC), and GMAC Mortgage Corporation (n/k/a GMAC Mortgage, LLC) (collectively, "Defendants") have entered into a Settlement Agreement dated as of March 20, 2007.

2. On April 10, 2007, that Settlement Agreement was, pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily approved and a settlement class was certified.

3. The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first-class mail to 83,713 Settlement Class Members.

4. Ten (10) Settlement Class Members requested exclusion.

5. No objections were filed or received.

6. Currently, a total of at least 81,981 Settlement Class Members are entitled to a share in the monetary benefits of the settlement because they did not request exclusion and their Class Notices and Explanatory Inserts were not returned as undeliverable ("Claimants"). Pursuant to paragraph 10(b) of this Order, additional Settlement Class Members may file Requests for Inclusion and also become entitled to share in the settlement's monetary benefits.

7. The complaint in this action alleges that Defendants violated state laws and Section 8(b) of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607(b) ("RESPA").

8. The Court finds that the class is appropriate under Fed. R. Civ. P. 23 because the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; Plaintiff's claim is typical of the claims of the class; and Plaintiff Francis Santiago will fairly and adequately protect the interests of the class.

9. The Court finds that the provisions for notice to the class satisfy the requirements of Fed. R. Civ. P. 23 and due process.

10. The Court finds that the settlement is fair and reasonable, and hereby approves the Settlement Agreement submitted by the parties, including the release and the payment by Defendants from the Settlement Fund of $325,000.00 as attorney's fees and costs prior to the distribution to the class pursuant to paragraph 13 of the Settlement Agreement, and distribution of a $325,000.00 settlement fund to the Settlement Class Members in accordance with the Settlement Agreement pursuant to paragraph 18 of the Settlement Agreement. The Court hereby approves a payment to Plaintiff Francis Santiago in the amount of $500 for his services as Class Representative pursuant to paragraph 13 of the Settlement Agreement.

(a) Pursuant to paragraph 18 of the Settlement Agreement, the $325,000.00 class settlement fund shall be distributed by the Class Administrator to the Claimants. The Class Administrator shall, within 35 days of the Effective Date of the settlement, mail checks to Claimants. In accordance with the Settlement Agreement, Claimants whose loans closed between 1999 and February 28, 2002 shall receive a check in the approximate amount of $14.40, and Claimants whose loans closed between March 1, 2002 and August 31, 2005 shall receive a check in the approximate amount of $2.00.

(b) Pursuant to paragraph 18 of the Settlement Agreement, no checks will be issued to Class members whose notices are returned as undeliverable. Instead, the Class Administrator will hold the portion of the Settlement Fund which covers the amounts that could have been distributed to class members whose notices were returned as undeliverable with no forwarding address for 270 days. If a Class Member whose Notice was returned as undeliverable with no forwarding address notifies the Class Administrator within two hundred seventy (270) days of the Effective Date that he or she would like to be included in the Class and share in the Settlement Fund ("Request for Inclusion"), the Class Administrator shall disperse such funds

within three (3) days of receiving such a Request for Inclusion by issuing a check, in the appropriate amount pursuant to paragraph 10(a), indicating on its face that it is void ninety (90) days from the date it is issued.

(c)     Pursuant to paragraph 18 of the Settlement Agreement, any portion of the Settlement Fund that is unclaimed by the Class, because the settlement check was returned as undeliverable or without a forwarding address and no Request for Inclusion was received within 270 days of the Effective Date, or because the check to a Settlement Class Member remains uncashed ninety (90) days after distribution, or any funds otherwise remaining in the Settlement Fund after distribution shall be donated to the Homeownership Preservation Foundation as *a cy pres* remedy. Within three hundred sixty-five (365) days after the Effective Date, the Class Administrator will transmit the *cy pres* check to the Homeownership Preservation Foundation.

(d)     Pursuant to paragraph 13 of the Settlement Agreement, Defendants shall pay $325,000.00 to class counsel for attorney's fees and costs within 14 days of the Effective Date. Class Counsel have submitted to the Court detailed declarations of their fees and expenses, including their current hourly rates and the number of hours expended in this matter. Accordingly, payment of $325,000.00 to Class Counsel from the settlement fund for attorney's fees and costs is hereby approved.

11.    In awarding Plaintiff's Counsel $325,000.00 for attorney's fees and costs, the Court has considered and found that:

(a)     Notice was disseminated to all 83,713 Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up $325,000.00 and no formal objections were filed against the terms of the proposed Settlement or the amount of attorney's fees and expenses requested by Plaintiff's Counsel;

(b)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(c)     In the absence of a settlement, the continued prosecution of this action would involve lengthy proceedings and significant effort and expense by all parties;

(d)     Had Plaintiff's Counsel not achieved the Settlement there would remain a some risk that Plaintiff and the Class may have recovered less or nothing from the Defendants;

(e)     Plaintiffs' Counsel have devoted 2,261 hours, with a lodestar value of $941,238.50 in prosecuting this action; *(JKG)*

(f)     The requested fee results in a negative Lodestar multiplier of .30, which is well within the range of ~~within~~ the multipliers approved by Courts in this jurisdiction[1]; and, *(JKG)*

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and within the range of percentage fee recoveries approved by courts in this jurisdiction.

12.     The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to plaintiff and all members of the class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

---

*(JKG)* 1. See In re: Ravisent Technologies, Inc. Securities Litigation, 2005 U.S. Dist. LEXIS 6680 *, at * 43 (E.D. Pa. April 19, 2005) (R. Barclay Surrick, J.)

**IT IS HEREBY ORDERED THAT:**

1. The March 20, 2007 Settlement Agreement is hereby approved.

2. Plaintiff and every member of the classes who did not timely request exclusion, shall be forever barred and enjoined from instituting or further prosecuting any action, in any forum whatsoever, including but not limited to, any state, federal, or foreign court, against Defendants, as well as their predecessors and successors in interest and present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns or entities for which any Defendant performs mortgage servicing activities (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees"), from any causes of action, suits, claims, damages, losses, or demands whatsoever, in law or in equity, known or unknown at this time, suspected or unsuspected, which Plaintiff and the classes now have or ever had, or may in the future have, against the Releasees, under any legal theory, including, but not limited to, all claims under local, state or federal law, including claims for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2601, et seq., fraud, breach of contract or other acts, omissions or claims, and for any general, special, consequential and punitive damages specifically related to such claims, as well as any claims for disgorgement, restitution, injunctive relief, penalties, attorneys' fees and costs of suit in connection with such claims, whether or not alleged, arising out of the allegations in or subject matter of the Complaint relating to loans issued by Defendants' Broker channel from 1999 through August 2005. Defendants' loans to members of the Class are in no way affected by this Settlement Agreement, and nothing herein shall prevent any member of the Class or Defendants from exercising their

legal rights pursuant to any existing mortgages or seeking thereunder any remedies or relief not released herein.

3. Defendants shall pay Plaintiff's Counsel the attorney's fees and expenses awarded herein within 14 days of the Effective Date.

4. Three hundred sixty-five (365) days after the final approval of the settlement, Defendants' counsel shall distribute any remaining funds to Homeowners Preservation Foundation as a *cy pres* remedy.

5. The *cy pres* remedy is approved and payment shall be distributed to Homeowners Preservation Foundation.

6. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

7. This action is hereby dismissed with prejudice and with each party to bear its own costs.

8. This order resolves all claims against all parties in this action.

BY THE COURT:

/s/ James Knoll Gardner
HONORABLE JAMES KNOLL GARDNER, J.

Copies to:

REED SMITH LLP
Robert A. Nicholas, Esquire
Louis W. Schack, Esquire
Shannon Elise McClure, Esquire
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100

Attorneys for Defendants

MILBERG WEISS LLP
Barry A. Weprin, Esquire
Jennifer Young, Esquire
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

PACKARD, PACKARD & JOHNSON
Craig H. Johnson
2795 E. 2825 Cottonwood Parkway, Suite 500
Salt Lake City, UT 84121
Telephone: (801) 428-9000
Facsimile: (801) 428-9090

Ronald D. Packard
Four Main Street, Suite 200
Los Altos, CA 94022
Telephone: (650) 947-7300
Facsimile: (650) 947-7301

LAW OFFICES OF MICHAEL HUBER
Michael E. Huber
8170 South Highland Drive, Suite E5
Sandy, UT 84093
Telephone: (801) 733-5807
Facsimile: (801) 733-0132

BARRACK, RODOS & BACINE
Jeffrey W. Golan
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

LERACH COUGHLIN STOIA
  GELLER RUDMAN & ROBBINS LLP
John J. Stoia, Jr.
Timothy G. Blood
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

Attorneys for Plaintiff and the Class